## Case No. 4,066.

### DRAKE v. ROLLO.

[3 Biss. 273; 2 Ins. Law J. 935; 4 N. B. R. 689; 4 Chi. Leg. News, 284; 18 Int. Rev. Rec. 159.][1]

Circuit Court, N. D. Illinois. June, 1872.

SET-OFF—MUTUALITY—DEBT NOT DUE.

1. A claim for loss under an insurance policy may be set off by the insured against his indebtedness to the company.

[Cited in Scammon v. Kimball, Case No. 12,-435.]

2. Such claims constitute mutual debts or credits within the meaning of the 20th section of the bankrupt act [of 1867 (14 Stat. 526)].

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 Chi. Leg. News, 284, and 18 Int. Rev. Rec. 159, contain only partial reports.]

3. The rights of the parties are to be determined by the state of facts at the time of the loss.

4. Though such set-off gives the complainant a preference, it results from the business relations of the parties as they stood at the time of the loss.

5. If his indebtedness is not due and the company is bankrupt, a bill in equity will lie to establish the set-off.

This was a bill to establish a set-off, filed by John B. Drake against William E. Rollo, assignee of the Merchants' Insurance Company. On the 1st of June, 1869, the complainant borrowed of the insurance company the sum of $75,000, one-third of which was payable June 1st, 1872, and the remainder June 1st, 1874, to secure which he gave his notes and mortgage on certain real estate in Chicago. Subsequently he took several policies of insurance from the company, amounting to $17,000, upon which there was a total loss by the Chicago fire of October 9th, 1871. His claims under the policies were regularly proved up against the company on the 10th of November, 1871, and adjusted at their full amount. The company having been rendered totally insolvent by this fire, on the 17th day of November, of the same year, a petition in bankruptcy was filed against it in the district court for this district, under which it was, on the 18th day of December, adjudged a bankrupt, and Mr. Rollo, the former secretary of the company, was afterwards duly elected the assignee, and took possession of the estate. The complainant did not prove his debt either before the register or with the assignee. The complainant asked that his claims against the company for loss under his policies be set-off against his indebtedness to the company upon the note and mortgage.

Charles Hitchcock, for complainant.

A loss upon a policy of insurance, sustained before the filing of the petition in bankruptcy, may be set off against a claim for money loaned. Kostor v. Easen, 2 Moore & S. 112; Grove v. Dubois, 1 Term R. 112; Bize v. Dickason, Id. 285; In re Globe Ins. Co. 2 Edw. Ch. 626; Holbrook v. Receivers, etc., 6 Paige, 220–231; Osgood v. De Groot, 36 N. Y. 348; Jones v. Robinson, 26 Barb. 310; Bradley v. Angel, 3 N. Y. 475. The debt need not be due. Ex parte Prescot, 1 Atk. 230.

McCagg, Fuller & Culver, for defendant.

Before DRUMMOND, Circuit Judge, and BLODGETT, District Judge.

DRUMMOND, Circuit Judge. The only question in the case is, whether the set-off can be allowed; and we are of the opinion that the plaintiff is entitled to the set-off he claims. It depends upon the 20th section of the bankrupt law. That section is as follows: "That, in all cases of mutual debts or mutual credits between the parties, the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid; but no set-off shall be allowed of a claim in its nature not provable against the estate: provided, that no set-off shall be allowed in favor of any debtor to the bankrupt of a claim purchased by or transferred to him after the filing of the petition."

It is true in this case the plaintiff obtained part of the means which the company possessed with which to meet its liabilities in case of loss, and by permitting a set-off, it enables the plaintiff to receive payment in full of his claim, while the general creditors of the bankrupt company are only partially paid, and thus he becomes a preferred creditor. But it is a preference growing out of the business relations of the parties as they stood at the time of the fire which rendered the company insolvent.

As soon as the loss happened there was the relation of debtor and creditor, and there were no special circumstances qualifying that relation. When the plaintiff complied with conditions of the policy after the loss, and furnished his proofs, as soon as the specified time had elapsed it became a subsisting debt against the company, and, at the same time, the plaintiff was the debtor of the company for money payable in the future. It was then a case of mutual debt and credit, within the meaning of the 20th section above cited. The parties here trusted each other, and when the plaintiff was called on to meet his indebtedness, he would have the right to retain the amount of the loss and pay the balance. The amount thus retained in one sense he does not owe, because the law seizes it in his hands if he so wills, and by its own force extinguishes the debt. And the money loaned not being due at the time the bill was filed, and constituting a mutual credit, it is competent for the plaintiff, the company being insolvent, to call on a court of equity to allow the set-off.

NOTE. Consult Hitchcock v. Rollo [Case No. 6,536], and Sawyer v. Hoag [Id. 12,400], these cases being three from a large number of cases argued and submitted together, being most of the so-called "set-off cases" arising from the great Chicago fire, of Oct. 9, 1871. The other questions involved, the liability on stock subscriptions, and the right of set-off as against money deposited with a complainant as treasurer, are decided in Scammon v. Kimball [Id. 12,435].