COMMONWEALTH, by Insurance Commissioner, *vs.* SHOE AND LEATHER DEALERS' FIRE AND MARINE INSURANCE COMPANY. Ariel Low & another, petitioners.

COMMONWEALTH, by Insurance Commissioner, *vs.* BOYLSTON FIRE AND MARINE INSURANCE COMPANY. William Perkins & another, petitioners.

COMMONWEALTH, by Insurance Commissioner, *vs.* LAWRENCE FIRE INSURANCE COMPANY OF BOSTON. Arthur H. Loring & others, petitioners.

When the property of an insolvent insurance company has been sequestered and placed in the hands of receivers, under Gen. Sts. *c.* 58, § 6, the amount of a loss before that time sustained under a policy of the company can be set off against a debt due from the assured to the company, even if the company holds collateral security from the debtor.

UPON applications made by the Insurance Commissioner to this court, under Gen. Sts. *c.* 58, § 6, the insurance companies, defendants in these several cases, had been enjoined from the further continuance of their business, and receivers had been appointed to take possession of their property and effects, for the purpose of settling their affairs.

The petitioners, Low and another, were insured by the Shoe and Leather Dealers' Fire and Marine Insurance Company against loss by fire, for the term of one year from March 20, 1872. On November 9, the loss insured against occurred, and on the 6th of December was proved and adjusted. Previously to the 9th of November, the defendant company purchased of John Hill & Co. a note for $5187.92, dated August 21, 1872, made by the petitioners, and payable six months from date to the order of John Hill & Co. and by them indorsed. On the 14th of December the receivers of the assets of the corporation sold this note with other notes for cash.

Commonwealth v. Shoe and Leather Dealers' Insurance Company.

The Boylston Fire and Marine Insurance Company insured William Perkins and another, the petitioners, $10,000, on a marine policy. Afterwards the petitioners borrowed of the corporation $10,000, giving their promissory note on demand, secured by bank stock as collateral. The next day the petitioners notified the corporation of a total loss, and it was agreed that this notice should be taken as formal proof of loss, but before the sixty days, at the expiration of which the loss was payable, had elapsed, the corporation became insolvent.

The petitioners, Arthur H. Loring and others, had a claim against the Lawrence Fire Insurance Company of Boston, amounting to $15,000, upon policies issued by that company to them. The loss occurred November 9, 1872; proof of the loss was made December 14, 1872, the amount became payable in sixty days after such proof. Before the occurrence of the loss the corporation had lent the petitioners $10,500, and held collateral security for its repayment.

The petitioners in each case claimed that, the corporations being insolvent, they were entitled to have the amount due from them to the corporation applied toward the payment of the loss under the policies, and to prove against the assets of the company for the balance, if any.

*E. R. Hoar & S. Hoar*, for Low and another, in addition to cases cited in the opinion, cited *James* v. *Kynnier*, 5 Ves. 108; *Clarke, receiver, &c.*, v. *Hawkins*, 5 R. I. 219; *Lindsay* v. *Jackson*, 2 Paige, 581; *Jones* v. *Robinson*, 26 Barb. 310; *Smith* v. *Felton*, 43 N. Y. 419; *Fort* v. *McCully*, 59 Barb. 87; *Humphreys* v. *Blight*, 1 Wash. C. C. 44; *Drake* v. *Rollo*, 3 Bissell, 273; *In re City Bank*, 6 Bankr. Reg. 71; *Berry* v. *Brett*, 6 Bosw. 627; *Miller* v. *Receiver of Franklin Bank*, 1 Paige, 444; *Bradley* v. *Angel*, 3 N. Y. 475; *Receivers* v. *Paterson Gas Light Co.* 3 Zabr. 283.

*J. G. Abbott & W. E. Perkins*, for Perkins and another, further cited *Hankey* v. *Smith*, 3 T. R. 507, note; *Clarke* v. *Magruder*, 2 Har. & J. 77; *Rawson* v. *Copland*, 3 Barb. Ch. 166; *Sargent* v. *Southgate*, 5 Pick. 312; *Fort* v. *McCully*, 59 Barb. 87; *Green* v. *Farmer*, 4 Burr. 2214, 2220; *Anderson's Case*, L. R. 3 Eq

337; *Stewart* v. *Anderson*, 6 Cranch, 203; *McCagg* v. *Woodman*, 28 Ill. 84.

*J. D. Ball*, for Loring and others.

*J. C. Gray, Jr.*, for the receivers of the Lawrence Fire Insurance Company. The right which is defeated by set-off is the right to bring an action. If a creditor has another means of enforcing payment, he cannot be deprived of that means by a set-off. Set-off is no more payment than a discharge in bankruptcy, or the bar of the statute of limitations would be; and neither of these last would destroy the creditor's right over collateral security. The object of taking collateral security by the insurance company is, that it may be certain of having assets to meet losses; it is intended to secure its policy holders against losses by the insolvency of its debtors, and also against its own insolvency by securing its own funds against rights of set-off. If this set-off is allowed, there is a diminution of the assets; the very object which the taking of the collateral security was intended to guard against. The persons insured looked for their security to the fact that the funds were securely invested. *Holbrook* v. *Receivers of American Ins. Co.* 6 Paige, 220, 232. A right of set-off cannot be used to destroy a security. *Pinnock* v. *Harrison*, 3 M. & W. 532. *Clarke* v. *Fell*, 4 B. & Ad. 404. A mortgage can be enforced without regard to a right of set-off. *Bird* v. *Gill*, 12 Gray, 60. *White* v. *Williams*, 2 Green Ch. 376. The present case is precisely analogous to that of a landlord who distrains for his rent. He is not to be deprived of his right to distrain by proceedings either at law or in equity. A distress " is not an action, but a remedy without suit." *Absolom* v. *Knight*, Bull. N. P. 181. *Laycock* v. *Tufnell*, 2 Chit. 531. *Andrew* v. *Hancock*, 1 Brod. & B. 37. *Stubbs* v. *Parsons*, 3 B. & Ald. 516. *Pratt* v. *Keith*, 33 Law J. (N. S.) Ch. 528. These proceedings are in equity, and are not affected by any statutory provisions as to set-off. There is no set-off in equity, where the debts are independent, and the fact of insolvency should restrain rather than enlarge the right of set-off. Equity looks at the case not from the point of view of one creditor, but from the point of view of all the creditors, and to allow a set-off in a case like this

would be to give an unjust preference to one creditor. Equity °aims at an equal distribution of the assets.

*F. V. Balch*, for the receivers of the Boylston Fire and Marine Insurance Company, cited *Pardo* v. *Osgood*, 2 Abb. Pr. (N. S.) 365; *Osgood* v. *De Groot*, 36 N. Y. 348; *Osgood* v. *Ogden*, 4 Keyes, 70, 76; *St. Louis Perpetual Insurance Company* v. *Homer*, 9 Met. 39; *Corey* v. *Janes*, 15 Gray, 543; *Cardell* v. *Bridge*, 9 Allen, 355; *Montague* v. *Boston Iron Works*, 97 Mass. 502; *Diehl* v. *General Mutual Insurance Co.* 1 Sandf. 257; *Bigelow* v. *Folger*, 2 Met. 255.

*B. R. Curtis & H. W. Paine*, for the receivers of the Shoe and Leather Dealers' Fire and Marine Insurance Co., cited *Hendrickson* v. *Hinckley*, 17 How. 443; *Greene* v. *Darling*, 5 Mason, 201, 214; *Hankey* v. *Smith*, 3 T. R. 507; *Sheldon* v. *Rothschild*, 2 J. B. Moore, 43; *Gibson* v. *Bell*, 1 Bing. N. C. 743; *Ex parte Prescot*, 1 Atk. 230; *Ex parte Stephens*, 11 Ves. 24; *M'Donald* v. *Webster*, 2 Mass. 498; *Aldrich* v. *Campbell*, 4 Gray, 284; *Demmon* v. *Boylston Bank*, 5 Cush. 194; *Commonwealth* v. *Phœnix Bank*, 11 Met. 129; *Gordon* v. *Lewis*, 2 Sumner, 628; *Howe* v. *Sheppard*, Ib. 409; *Holbrook* v. *Receivers of American Insurance Co.* 6 Paige, 220; *Blake* v. *Langdon*, 19 Vt. 485; *Riddick* v. *Moore*, 65 N. C. 382; *Rawson* v. *Samuel*, Cr. & Ph. 161.

GRAY, J. In each of these cases, the petitioners, at the time when all the property of the insurance company was sequestered and placed in the hands of receivers, had a valid claim against the company for the amount of a loss by fire under a policy of insurance issued to them by the company, and were also debtors to the company upon promissory notes signed by the petitioners and held by the company; and the question presented for our determination is whether the petitioners are entitled to have their liabilities upon the notes set off against their claims upon the policies.

The statutes of this Commonwealth concerning insolvent debtors and insolvent corporations (except railroad and banking corporations) allowed moneys due on any policy of insurance to be proved against the estate, if the loss happened before the making of a dividend; and expressly provided that if it should

appear that there had been mutual credits given by the insolvent and any other person, or mutual debts between them, the account between them should be stated, and one debt set off against the other, and the balance allowed or proved on either side. Sts. 1838, *c.* 163, § 3 ; 1851, *c.* 327, §§ 1, 3, 26 ; Gen. Sts. *c.* 118, §§ 25, 26, 113, 114.

Under such a statute, according to the uniform current of decisions in this and other courts, a claim under a policy of insurance for a loss already sustained, though not yet adjusted, would be set off against a debt from the assured to the underwriter, in equity as well as at law, without regard to the question whether the underwriter held collateral security for its payment, provided no other person was interested on either side as creditor or debtor. *Demmon* v. *Boylston Bank,* 5 Cush. 194. *Aldrich* v. *Campbell,* 4 Gray, 284. *Ex parte Prescot,* 1 Atk. 230. *Grove* v. *Dubois,* 1 T. R. 112. *Koster* v. *Eason,* 2 M. & S. 112. *Forster* v. *Wilson,* 12 M. & W. 191. *Holbrook* v. *Receivers of American Ins. Co.* 6 Paige, 220. *Osgood* v. *De Groot,* 36 N. Y. 348.

The bankrupt act of the United States, by which the operation of the state insolvent laws has been suspended, contains a similar provision for the set-off in all cases of mutual debts or mutual credits between the parties. U. S. St. 1867, *c.* 176, § 20. *Drake* v. *Rollo,* 3 Bissell, 273. *Hitchcock* v. *Rollo,* Ib. 276.*

The statutes of the Commonwealth, which authorize the justices of this court, sitting in equity, upon the application of the insurance commissioner, to restrain an insurance company which is insolvent, or in such a condition as to render its further proceedings hazardous to the public or to those holding its policies, from continuing its business, and to appoint receivers to take possession of all its property, contain no directions as to the proof of debts or the allowance of set-offs. St. 1855, *c.* 124, § 8. Gen. Sts. *c.* 58, § 6.

But we are of opinion that the same rule should be applied in ascertaining the balances due between the corporation and its

---

* See also *Gray* v. *Rollo,* 18 Wall. 629.

creditors and debtors at the time of the judicial sequestration of its property, where the proceedings are instituted by the insurance commissioner, under these statutes, as when instituted by the corporation or its creditors under the insolvent or bankrupt laws. Equity will not permit the general rule upon the subject (where no fraud is shown) to be affected by the question by whom or in what form the proceedings, upon which the assets of the corporation are distributed among its creditors, are set in motion.

Being of opinion, for this reason, that the set-offs should be allowed, it is unnecessary to refer particularly to the opinions in *Commonwealth* v. *Phœnix Bank*, 11 Met. 129, and *Colt* v. *Brown*, 12 Gray, 233, which related to banking corporations not subject to proceedings under the insolvent acts ; or to consider the decisions, fully collected at the argument, upon the question whether, under the circumstances of these cases, a set-off could be allowed in an action at law, or would be ordered by a court of equity, in the absence of any agreement of the parties or any provision of statute in obedience or regard to which its discretion should be exercised.　　　　　　　*Petitions granted.*