## COLUMBIAN INSURANCE COMPANY *vs.* IVORY BEAN.

Under a clause in a policy of insurance that the "loss shall be paid," "the amount of the premium note" "being first deducted," the insured, when sued upon the note, can set off a loss under the policy.

CONTRACT, upon the following promissory note: "Boston, March 14, 1865. Twelve months after March 26, 1865, I promise to pay to the order of Ivory Bean nine hundred and one dollars, for value received, payable at the          on policy No. 36,502. Steamer General Hooker. Ivory Bean."

"Pay to the order of the Columbian Insurance Company. Ivory Bean."

The defendant filed the following declaration in set-off: "The defendant says that on or about the 26th day of March, 1865, the plaintiff issued to him a policy of insurance for $10,000, on the steamer General Hooker, against the perils of the seas and other perils therein named, for one year from said 26th day of March, 1865, and the defendant says that said steamer was burned in the harbor of Charleston, South Carolina, on the 21st day of March, 1866, and within the terms of said policy, and the plaintiff had notice of said loss on the first day of April, 1866, and became bound to pay the same within sixty days from said first day of April, and the plaintiff owes the defendant $10,000, with interest from said first day of June, 1866."

The case was submitted in the Superior Court upon an agreed statement of facts, from which it appeared that the plaintiff had assigned the note after it was due for a valuable consideration to one Isaac Taylor, for whose benefit the suit was brought. The policy issued by the plaintiff for which the note was given contained this clause :

" In case of loss, such loss shall be paid in sixty days after proof and adjustment thereof ; the amount of the premium note, if unpaid, and all sums due to the company from the insurer, when such loss becomes due, being first deducted, and all sums coming due being first paid, or secured to the satisfaction of the said company, they discounting interest for anticipating payment."

After the policy was issued and note given, the plaintiff company failed, and thereupon the defendant applied to the China Insurance Company and to the New England Mutual Insurance Company, for insurance $5000 each upon the same risk. Each policy issued by these companies to the defendant contained the following clause : " Any claim for same risk on the Columbian Insurance Company to be considered as salvage for the benefit of this company."

The property insured was lost on or about March 21, 1866, and the loss was paid to the defendant by the China and by the New England offices, less salvage, and less a deduction by each company of half the amount of the premium note in suit, given by the defendant to the Columbian Insurance Company.

The defendant gave to the plaintiff a notice of his loss, and also soon after sent to it the protest and a proof of the loss, which loss it refused to pay.

Upon the agreed statement of facts judgment was ordered for the defendant, and the plaintiff appealed.

*C. M. Reed,* for the plaintiff.

*H. C. Hutchins,* for the defendant.

MORTON, J. Though this suit is brought for the benefit of Taylor, yet it is to be regarded in the same light as if the Columbian Insurance Company were the real as well as the nominal plaintiff. The note, having been passed to him after its maturity, is subject to the same equities and defences as it would be in the

hands of the payees. It is a premium note given for insurance on the steamer General Hooker. It is agreed that the steamer was lost, and due notice and proof of the loss given to the plaintiff, who refused to pay it.

The policy provides that "in case of loss, such loss shall be paid in sixty days after proof and adjustment thereof; the amount of the premium note, if unpaid, and all sums due to the company from the insured, when such loss becomes due, being first deducted, and all sums coming due being first paid, or secured to the satisfaction of the said company, they discounting interest for anticipating payment."

This is a stipulation between the parties which enures to the benefit of the insured as well as of the insurer. It contemplates that, if there is a loss, the premium note is to be applied to the partial payment of it when due; that the one is to satisfy the other *pro tanto*. The debt which the insured can enforce against the company, or against its receivers for the purposes of a dividend, is not the whole loss, but the amount of the loss after the premium note is deducted. The stipulation establishes a rule for settling the amount of the loss, and the insured has the right to assume that in case of loss his premium note will be deducted from the loss, and thus paid. It is not merely a privilege granted to the insurer, but an agreement that the mutual claims of the parties shall be thus adjusted. We are of opinion that the company cannot under this policy, it being admitted that there was a loss greater than the amount of the note, refuse to pay the loss and maintain a suit upon the note. It is opposed to the spirit and fair interpretation of the contract.

The court of appeals of New York took a similar view of this clause in *Osgood* v. *De Groot*, 36 N. Y. 348. That was a suit by the receivers of this insurance company upon a premium note given by the defendant upon a policy containing this same clause. A general average loss occurred of an amount less than the note, and it was held that, it should be set off against .the note as a " mutual credit," under the statute provisions as to insolvent corporations, and that the action could be maintained only for the balance. See also *Commonwealth* v. *Shoe & Leather Dealers'*

*Ins. Co.* 112 Mass. 131. This view renders it unnecessary to decide the more general question raised as to the right to set off a loss under the general statutes of set-off.

The fact that the defendant procured insurance in other companies, with the agreement that " any claim for same risk on the Columbian Insurance Company to be considered as salvage for the benefit of this company," is immaterial. Subsequent insurance is permitted by the terms of the plaintiff's policy, and there was no assignment of the policy by the defendant. His claim against the plaintiff remains unaltered, and must be sued in his name, and it would be no defence that the amount recovered would enure to the benefit of the other insurance companies. The agreement with the other companies does not affect the plaintiff's rights or liabilities. *Judgment for the defendant.*