## UNION MUTUAL MARINE INSURANCE COMPANY *vs.* GORHAM B. HOWES.

Bristol. Oct. 24, 1877. — Jan. 14, 1878. April 30. — June 29, 1878.

In an action on a premium note, given for a policy of marine insurance, the defendant cannot, under the Gen. Sts. *c.* 130, § 3, file a declaration in set-off for a partial loss, although the policy contains a clause providing that in case of loss the amount of the premium note shall be first deducted.

CONTRACT on the following promissory note, signed by the defendant, to recover $483.29, of which $232.29 was an additional premium under the terms of the policy of marine insurance, for which the note was given :

"New Bedford, 7 mo. 27th, 1869. For value received in a policy of insurance No. 8714 on $2500, Selah, I promise to pay the Union Mutual Insurance Company, or order, at either bank in town, two hundred fifty-one dollars, with such additional sums as may fall due by the terms of said policy, in two months after the termination of the risk for which this note is given." Writ dated May 17, 1877. The answer admitted signing the note, and set up want of consideration, and failure of consideration.

The defendant also filed a declaration in set-off, alleging a partial loss on the vessel, while so insured, to the amount of $2000. To this the plaintiff filed a demurrer on the ground that the demand set forth was not the subject of a legal set-off.

In the Superior Court, *Brigham*, C. J., overruled the demurrer, and by consent of parties, before verdict, reported the case for the determination of this court, setting forth the pleadings as above, and stating that the policy of insurance contained the following clause : " And in case of loss, such loss shall be paid in sixty days after proof and adjustment thereof, the amount of the premium note, if unpaid, and all sums due to the company from the insured when such loss becomes due, being first deducted, and all sums coming due being first paid or secured to the satisfaction of the said president and directors, they discounting interest for anticipating payment."

If the claim for a partial loss could be pleaded by declaration in set-off, the case was to stand for trial; if not, the defendant

was to be defaulted on the premium note, and judgment entered thereon.

The case was submitted on briefs in October, 1877, by *T. M. Stetson & F. B. Greene*, for the plaintiff; and *E. H. Bennett & H. J. Fuller*, for the defendant. In January, 1878, the court ordered the case to stand for trial. The plaintiff thereupon applied for a rehearing, which was granted, and additional briefs were filed by the same counsel in April following.

ENDICOTT, J. This policy contains the provision that, " in case of loss, such loss shall be paid in sixty days after proof and adjustment thereof, the amount of the premium note, if unpaid, and all sums due to the company from the insured when such loss becomes due, being first deducted, and all sums coming due being first paid or secured to the satisfaction of the said president and directors, they discounting interest for anticipating payment."

This clause, which is common in policies of this description, has been frequently considered in the decisions of this court. In *Livermore* v. *Newburyport Ins. Co.* 2 Mass. 232, it was held that the premium note could be deducted from the amount due on a partial loss, that being in accordance with the agreement in the policy; and, the note being larger than the loss, the judgment was, the plaintiff took nothing by his writ. In *Columbian Ins. Co.* v. *Bean*, 113 Mass. 541, the court was of opinion that this clause was for the benefit of the insured, as well as the insurer, and was equivalent to an agreement that the mutual claims of the parties should be thus adjusted ; that the insured, when sued on his note, could prove that there had been a total loss under the policy; and, as the amount of the loss in that case was larger than the sum due on the note, it was held that the company could not refuse to pay the loss and maintain an action on the note, and judgment was entered for the defendant. That case was decided on an agreed statement of facts, and the form of the pleadings was immaterial.

It is to be observed that in neither of those cases did the court intimate that the defendant was entitled to a judgment for the balance due from the plaintiff; which would have been the right of the defendant in each case, if the provisions of the statute of set-off were applicable.

In *Warren* v. *Franklin Ins. Co.* 104 Mass. 518, an action was brought to recover the amount of a loss; the note was not due, and being payable in currency, while the loss was payable in gold, its value had not been ascertained; but, when ascertained, the amount of the note was allowed to be deducted from the amount of the loss. The defendant had set up in its answer that it was entitled to deduct the notes, and also filed a declaration in set-off on the notes; but it is stated in the opinion to have been admitted that the notes could not be the subject of a technical set-off. See also *Dodge* v. *Union Ins. Co.* 17 Mass. 471; *Wiggin* v. *Suffolk Ins. Co.* 18 Pick. 145.

The construction given this clause in these cases is, that it provides for the mutual allowance of loss and premium by way of recoupment or deduction, and not by way of set-off under the statute. The demand here stated in the declaration in set-off is for a partial loss, the amount due is not liquidated and cannot be ascertained by calculation, and the demand falls clearly within the prohibition of the statute. Gen. Sts. *c.* 130, § 3. See *St. Louis Ins. Co.* v. *Homer*, 9 Met. 39.

While it is admitted that the defendant might avail himself of this defence by answer. yet he has not done so in his answer, and is precluded from so doing by the terms of the report, which provide that if the claim cannot be declared on in set-off, he is to be defaulted on his premium note, and judgment entered thereon.                                   *Judgment for the plaintiff.*