## LOUIS A. HALL *vs.* DAVID ROSENFELD.

Suffolk.    November 15, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Where a defendant, in an action brought in a Municipal Court, has been allowed to amend his answer by setting up matter which should have been declared on in set-off, and where on appeal to the Superior Court the defendant is allowed to file in that court a declaration in set-off, containing the same allegations that were contained in the amendment to his answer in the court below, this is merely a change of form; but even if there were a change of substance, by setting up new matter not included in the answer below, the Superior Court under Pub. Sts. c. 167, § 42 and Pub. Sts. c. 155, § 35, would have the same power to allow the amendment that it would have had if the case had been begun in that court.

Pub. Sts. c. 168, § 16, requiring a declaration in set-off to be filed with the answer, does not prohibit the court from allowing a declaration in set-off to be filed as an amendment at a later time.

CONTRACT, brought in the Municipal Court of the city of Boston, by Louis A. Hall against David Rosenfeld, on an account assigned in writing to said Hall by one Peter V. Allen. Writ dated June 1, 1899. The account consisted of items amounting to $140.05. The defendant's answer, filed in the Municipal Court, consisted of a general denial and a count setting forth payment and satisfaction. An amendment to the answer was allowed by the addition of a paragraph alleging, that the said Peter V. Allen made a promissory note, payable to the defendant or order, and the said Allen owes the defendant the sum of $1,000, the balance due on said note, which said sum was due and payable from the said Allen to the said defendant at the time of the assignment to the plaintiff of the account mentioned.

The case was tried in the Municipal Court upon these pleadings, and judgment given for the plaintiff.

The defendant appealed to the Superior Court. During the trial in the Superior Court, before *Hopkins,* J., the defendant moved to file a declaration in set-off, which contained the same allegations as the amendment to the answer allowed by the Municipal Court and above described, and only differed in being in the form of a declaration in set-off instead of an amendment

to the answer. To this the plaintiff objected. The judge ruled that the declaration in set-off could be filed, and allowed the defendant's motion. The plaintiff excepted to the ruling and to the allowance of the motion.

The jury found for the defendant; and the plaintiff alleged exceptions.

*C. H. Sprague & M. L. Messer,* for the plaintiff.

*L. L. G. De Rochemont,* for the defendant.

HOLMES, C. J. The amendment allowed in the Superior Court amounted only to a more formal claim of a set-off which was alleged and claimed in the Municipal Court. But even if it had been new matter, the Superior Court had the same power to allow it to be pleaded by amendment that it would have had if the case had begun there. Pub. Sts. c. 167, § 42. The provision in Pub. Sts. c. 155, § 35, is not intended to limit the power of the Superior Court to allow amendments in cases brought to it by appeal, and that in Pub. Sts. c. 168, § 16, requiring the declaration in set-off to be filed with the answer, does not prohibit the court from allowing it to be filed as an amendment at a later time. *Butterfield* v. *Byron,* 153 Mass. 517, 524.

*Exceptions overruled.*