## TAYLOR-STITES GLASS COMPANY vs. MANUFACTURERS' BOTTLE COMPANY.

Suffolk.   November 16, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Set-off.   Damages,* Liquidated.

Under R. L. c. 174, § 1, only liquidated damages are the subject of set-off.

In an action for the price of goods sold and delivered, the defendant cannot set off a claim for damages caused by an alleged breach of the contract of sale by the plaintiff in failing to deliver the goods in accordance with its terms, such damages being unliquidated, and such damages are not made certain or capable of computation by stating the exact amount claimed and by adding a list of the prices paid by the defendant for goods to take the place of those which the plaintiff failed to deliver.

CONTRACT for $472.54, the price of bottles sold and delivered, according to an account annexed.   Writ dated July 12, 1906.

The defendant filed an answer containing a general denial, an allegation of payment and a denial of the plaintiff's corporate existence.   It also filed the following declaration in set-off:

" And now comes the defendant in the above-entitled action, as plaintiff in set-off, and says that on the 26th day of April, 1906, and on the 3d day of May, 1906, the said plaintiff in

set-off entered into two written contracts with the defendant in set-off, copies whereof are hereto annexed marked A and B, whereby the defendant in set-off agreed to sell and deliver to the plaintiff in set-off, and the plaintiff in set-off agreed to buy from the defendant in set-off and pay for the aggregate quantity of fifteen hundred (1500) gross of empty bottles at prices and terms quoted in said written contracts.

" That the plaintiff in set-off has been ready, willing and able to perform his part of the said contracts, and has offered to perform the same, and requested the delivery of the goods thereunder, but that the defendant in set-off has refused and still refuses to deliver the bottles contracted for to the damage of the plaintiff in set-off, to the amount stated in the plaintiff's writ."

The details of the contracts marked A and B are not material.

The plaintiff demurred to the defendant's declaration in set-off as follows:

" And now comes the original plaintiff, being the defendant in set-off in the above entitled action, and demurs to the defendant's declaration in set-off, and for reason of his demurrer says that the said defendant's claim is not one upon a judgment or upon a contract express or implied for property sold, for money paid, for money had and received, for services performed, or for an amount which is liquidated, and therefore the defendant is not entitled to plead his said claim in set-off."

The defendant then by leave of court amended his declaration in set-off as follows:

" And now comes the defendant in the above entitled action, and moves to amend its declaration in set-off by striking out on the last three lines thereof, the words, ' To the damage of the plaintiff in set-off to the amount stated in the plaintiff's writ,' and adding thereto the following:

" The plaintiff in set-off further says that in consequence of said refusal and neglect on the part of the defendant in set-off, to perform its said contract, the plaintiff in set-off was obliged to purchase elsewhere said bottles, which it required to fill an order, and that on or about the 18th day of October, 1906, it purchased bottles at the following prices.

" 500 gross 2 oz. bottles at $1.43 per gross

500 gross 3½ oz. bottles at $1.60 per gross

241 gross 5 oz. bottles.at a $1.85 per gross

233 gross 8 oz. bottles at $2.30 per gross "

It was agreed that the demurrer should be treated as applying to the declaration in set-off as amended.

In the Superior Court arguments upon the demurrer were heard by *Richardson*, J., who made an order sustaining the demurrer, and the defendant appealed.

The judge submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $510.65. Upon the order of the judge judgment was entered for the plaintiff in that sum; and the defendant appealed.

*W. Charak*, (*J. L. Wiseman* with him,) for the defendant.

*F. G. Bauer*, for the plaintiff.

MORTON, J. The question in this case is whether the defendant has a right to recover upon his declaration in set-off. The cause of action set out in the declaration is the alleged breach by the plaintiff of two contracts entered into between the plaintiff and defendant for the sale and delivery by the plaintiff to the defendant of the goods therein described. The defendant seeks to recover of the plaintiff by the declaration in set-off damages for the breach of the contracts thus alleged to have been made. But the damages so sought to be recovered are unliquidated, and are not, therefore, the subject of a set-off. R. L. c. 174, § 1. *Cardell* v. *Bridge*, 9 Allen, 355. *Montague* v. *Boston & Fairhaven Iron Works*, 97 Mass. 502. *Barry* v. *Cavanagh*, 127 Mass. 394. They are not rendered certain and capable of calculation by the allegations in the amended declaration in regard to the prices which the defendant had to pay to supply itself with the goods, or by the statement of the exact amount of the damages claimed. *Corey* v. *Janes*, 15 Gray, 543. It would still remain for the jury taking all the facts and circumstances into account to say what damages, if any, the defendant was entitled to, and it could not be known what the damages were until they had been assessed by the court or the jury.

*Judgment for the plaintiff and order sustaining the plaintiff's demurrer affirmed.*