### MANUEL J. SOARES *vs.* DAVID WEITZMAN.

Bristol.          October 27, 1932. — January 4, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract,* Building contract, Implied.          *Practice, Civil,* Findings by judge.
          *Set-off.*

It *was stated* that a landowner, the defendant in an action by a contractor for a balance due under a building contract, cannot recover damages for imperfect work under a declaration in set-off, because, under G. L. (Ter. Ed.) c. 232, § 1, only liquidated demands may be the subject of set-off.

In an action in a district court for a balance due under a building contract, there was evidence that certain supports were substantially further apart, and certain rafters substantially smaller in dimension, than was required by the contract; that the completed work did not comply with the contract in numerous other respects, some of them of a serious nature; that the plaintiff performed the contract substantially; and that his departures therefrom were not intentional. The judge found for the plaintiff on a count in *quantum meruit* for the balance claimed by him, plus certain extras due, less a reasonable sum to bring the completed work to the standard required by the contract.          *Held,* that

(1) Although it was difficult to reconcile with the evidence a finding that the plaintiff's departures from the terms of the contract were unintentional, such a finding was not unwarranted;

(2) There was no error of law in the finding for the plaintiff.

CONTRACT by a building contractor against the owner of a house built by the plaintiff for the defendant.          Writ in the Third District Court of Bristol dated November 17, 1931.

The action was heard in the District Court by *Milliken*, J. The pleadings and material evidence are described in the opinion.   The judge refused the following ruling requested by the defendant: "The stipulations in the contract regarding the width of the doors, the placing of the joists, the size of the roof rafters, the plastering, the painting, the boiler or the manner of doing the work are all substantial."

The judge found for the plaintiff in the sum of $1,361.02, and reported the action to the Appellate Division for the Southern District.   In the report the judge stated, "I find for the defendant in the sum of $361 as a reasonable amount to make the house and .grounds as they should have been done," stated the account by deducting that sum from the amounts due the plaintiff, as described in the opinion, and stated that the "above disposition takes care of the plaintiff's case and the defendant's claim in set-off."   The report was ordered dismissed, and the defendant appealed.

The case was submitted on briefs.

*S. Rosenberg*, for the defendant.

*J. B. Lowney & E. J. Harrington*, for the plaintiff.

WAIT, J.   The plaintiff sued in three counts:  the first for breach of a building contract by failure to pay the balance of the contract price;  the second upon *quantum meruit* and *quantum valebant* for work and labor and materials furnished in building a house under a contract;  the third for extras supplied in the course of such building.   The defendant answered.   He also filed a declaration in set-off for damages for imperfect work.   The plaintiff did not demur.   At a trial in a district court, the plaintiff failed on his first count because he had not himself performed fully the contract he had undertaken;  he recovered on his second count the unpaid balance of the contract price less the reasonable expense of making good his defaults in his contract work, or, what here was, substantially, the same thing, the difference between the contract price of the building if constructed in strict compliance with the contract and the value of the building as actually constructed;  he

recovered on his third count the amount found due for such extra work as the judge found was actually done and properly charged for.

The defendant had no right to a recovery on his declaration in set-off, because one can properly set off only liquidated demands, G. L. (Ter. Ed.) c. 232, § 1, *Taylor-Stites Glass Co.* v. *Manufacturers' Bottle Co.* 201 Mass. 123, 125, and the claim in set-off was not on liquidated demands. He does not suffer, however, for the deduction made from the plaintiff's claim is practically what the set-off sought. The judge found for the plaintiff. On report the Appellate Division found no reversible error. The case is before us on appeal.

The defendant contends that there is error because both judge and Appellate Division failed to give effect to the principle of our law that one who has deliberately failed in any respect to perform a building contract cannot recover either on the express contract or on a *quantum meruit* for what he has done properly pursuant to the contract or in substantial compliance with it. There is no dispute in regard to the principles. They have been reiterated. See, for a recent summary, *Glazer* v. *Schwartz*, 276 Mass. 54. They need not be again stated here. In the case before us there was conflicting evidence which would justify findings that the completed work did not correspond with the contract in numerous respects, some of a serious nature; that, nevertheless, the departures were not deliberately intended failures to perform the work as undertaken; that substantially he performed the contract; that certain extra work was done with an understanding by owner and builder that it was to be paid for; that, if the contract had been perfectly performed, $1,383.33 would have been due as the balance of the purchase price; that $325.66 was due for extras; that $361 is a reasonable sum to bring the completed work to the contract standard; that deducting $361 from the total of the other items the plaintiff is entitled to $1,347.99 with interest from the date of the writ $13.03, and, therefore, to judgment in $1,361.02 on January 15, 1932.

There was evidence that supports for floors and rafters for roof were inches further apart on centers, and the rafters were smaller in dimension, than the contract called for, so that timber provided for the structure remained unused. This is difficult to reconcile with unintentional failure to live up to the contract; but we do not think we can say that the judge's conclusion was unwarranted in law as a consequence of the presence of this evidence. The situation differs materially from *Smedley* v. *Walden*, 246 Mass. 393. The ruling asked and not given involved a finding of fact which was not required as matter of law. There was no error in refusing it as a ruling of law. The other requests were given; and we cannot properly say that the judge did not in fact give full weight to the principles involved in them in his findings.

Our order must be

*Order of Appellate Division dismissing report affirmed.*