HAROLD WEBBER vs. ALBERT L. JOHNSON & another.

Middlesex.    February 7, 1961. — April 11, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* New trial, Judicial discretion, Set-off. *Damages,* For breach of contract. *Pleading, Civil,* Declaration.

The record in an action of contract heard without jury against a landowner by a contractor disclosed no abuse of discretion in the denial of motions for a new trial filed by the contractor as plaintiff and as defendant in set-off. [457–458]

G. L. c. 232, § 9, requiring a declaration in set-off in an action in the Superior Court to be filed with the answer, does not prohibit allowance of the filing at a later time of a declaration in set-off as an amendment of the answer. [458]

In an action by a contractor for breach by landowners of a contract for the erection of a house, claims in a declaration in set-off, based on the contractor's alleged "wilful failure to fulfill contract," for specified sums "For labor paid to another contractor for completion of the house" and "For materials furnished and used by another contractor in finishing house," were for damages for breach of the contract in amounts not liquidated and were not proper subjects for set-off under G. L. c. 232, § 1. [456, 458–459]

In an action by a contractor for breach by landowners of a contract for the erection of a house, a declaration in set-off alleging that the contractor owed the landowners specified sums for "moneys advanced to the plaintiff upon" the contract and paid for labor and materials furnished by another contractor in completing the house due to the plaintiff's "wilful failure to fulfill contract" was demurrable for want of clear, direct and unequivocal allegations of crucial facts respecting the nature of the contract, the manner in which it was broken, and the reasonableness of the sums alleged to have been paid to the other contractor. [456, 459]

CONTRACT. Writ in the Superior Court dated January 7, 1955.

The plaintiff alleged exceptions to action by *Swift,* J., overruling a demurrer to a declaration in set-off, finding for the defendants and for the defendants as plaintiffs in set-off, and denying motions for a new trial.

*Sheldon Newman,* (*Samuel Leader* with him,) for the plaintiff.

*William H. Lewis, Jr.,* (*Joseph A. Todisco* with him,) for the defendants.

SPIEGEL, J. This is an action of contract brought in two counts. Count 1 alleged breach of a contract in writing for the erection of a single family frame dwelling on the land of the defendants. Count 2 was in quantum meruit for labor and materials furnished by the plaintiff. The plaintiff contractor alleged that he performed his part of the contract until further performance was stopped by the refusal of the defendants to pay an instalment of money due to the plaintiff under the terms of the contract.

The defendants in their answer to count 1 admitted that they had entered into the contract with the plaintiff but denied that they were obligated to pay money in instalments to the plaintiff. The defendants further denied that there was a substantial sum of money due the plaintiff at the time he stopped work or that the defendants had broken the contract. The defendants filed a general denial in answer to count 2.

The case was referred to an auditor. Subsequently the defendants filed a motion to amend their answer by filing a declaration in set-off which was allowed by the judge. The declaration in set-off appears to be in one count for moneys "the plaintiff owes" the defendants containing three items.[1]

The plaintiff filed a demurrer to the declaration in set-off and enumerated five reasons[2] therefor. Thereafter the

---

[1] "1. For moneys advanced to the plaintiff upon contract to build house. $ 2070.00

"2. For labor paid to another contractor for completion of the house caused by plaintiff's wilful failure to fulfill contract. 3669.50

"3. For materials furnished and used by another contractor in finishing house caused by plaintiff's wilful failure to fulfill contract. 4549.36

Total $10,288.86"

[2] "(1) The time for filing a declaration in set-off had expired and the statute does not leave the court with discretion to extend the time.

"(2) The matters set forth in the declaration in set-off are not matters which can be set off.

"(3) The damages if any sustained by the defendant as plaintiff in set-off by reason of the plaintiff's breach of contract are not liquidated.

"(4) The declaration in set-off does not clearly and concisely set forth a cause of action.

"(5) Common counts are used unitedly contrary to statute."

plaintiff filed an answer to the declaration in set-off without waiving his demurrer.

The hearing on the demurrer was reserved for the judge who was to try the case after the auditor filed his report.

The auditor heard the parties and witnesses and on November 19, 1957, filed his final report. In his report, the auditor found for the plaintiff in the sum of $4,550 and for the plaintiff on the defendants' declaration in set-off. Subsequently, a hearing was held in the Superior Court on the plaintiff's demurrer to the declaration in set-off and the demurrer was overruled. The plaintiff duly saved an exception to this ruling.

The case was tried in the Superior Court without a jury. The plaintiff introduced in evidence the auditor's report, a set of plans, the written contract signed by the plaintiff and the defendants, a written contract signed by the plaintiff and one John Gugliotti, a subcontractor, and a schedule of payments, and then rested. The defendants presented oral testimony from witnesses and some documents.

The judge found for the defendants and for the defendants as plaintiffs under their declaration in set-off in the amount of $10,288.86.

The plaintiff on August 11, 1958, filed motions for a new trial and a claim of exceptions. On July 13, 1959, the plaintiff was notified that his motions for a new trial had been denied. The bill of exceptions brings this case before this court.

The plaintiff cannot prevail on his motions for a new trial. "In a case tried before a judge without a jury a party may not, as of right, be heard on a motion for new trial except on the grounds of 'mistake of law' and 'newly discovered evidence.'" *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. A trial judge's disposition of a motion for a new trial is a matter of discretion and in the absence of an abuse of discretion cannot be reversed. *Graustein, petitioner,* 305 Mass. 571. The record does not disclose such an abuse of judicial discretion as to justify a reversal of the judge's action in denying the motions for a new trial.

The plaintiff's first ground of demurrer is that the defendants' motion to amend their answer to include the declaration in set-off should not have been granted since the time for filing a declaration in set-off had expired and the judge had no power to extend the time for filing under G. L. c. 232, § 9. This statute does not prohibit the Superior Court from allowing a declaration in set-off to be filed as an amendment at a later time. *Hall* v. *Rosenfeld,* 177 Mass. 397, 398.

The plaintiff's second and third grounds of demurrer may be treated together. With the exception of item 1 in the defendants' declaration in set-off which may be argued to come under the heading of "money paid" or "money had and received" under G. L. c. 232, § 1, the items in the declaration in set-off do not fall within the types of contract enumerated in the statute (i.e. for property sold, for money paid, for money had and received, for services performed) and therefore must fall within the additional class of claim, that is, for a liquidated or ascertainable amount. *Blackler* v. *Boott,* 114 Mass. 24, 26–27. *Ryder* v. *Warren,* 295 Mass. 24, 29–31. *Manufacturers' Fin. Corp.* v. *Vye-Neill Co.* 62 F. 2d 625, 630–631 (1st Cir.). Therefore if items 2 and 3 were not liquidated the demurrer should have been sustained at least as to them.

While items 2 and 3 set forth liquidated sums we do not consider the claims to be, in fact, for amounts which are liquidated or ascertainable by calculation. The mere fact that a specific amount is claimed does not, in and of itself, mean that the declaration in set-off is a proper pleading. On the face of the two items claimed an attempt is made to recover damages for breach of contract. The sums involved cannot be said to be liquidated. *Taylor-Stites Glass Co.* v. *Manufacturers' Bottle Co.* 201 Mass. 123, 125. *Soares* v. *Weitzman,* 281 Mass. 409, 411. The claims are comprised of demands requiring liquidation before the offset is actually made. The demands are not rendered certain and capable of calculation by the allegations in regard to the amounts which the defendants paid for labor to an-

other contractor and for materials furnished by another contractor.

Since the claims in items 2 and 3 of the defendants' declaration in set-off were not liquidated the plaintiff's demurrer should have been sustained on the grounds that the matters alleged were improper subjects for set-off.

The fourth reason stated in the plaintiff's demurrer was a valid ground and the demurrer should have been sustained for this reason as to the entire declaration in set-off. A "declaration must state concisely and with substantial certainty the substantive facts constituting the cause of action, with such clearness and precision that the . . . [opposing party] may be able to plead to it intelligently and directly." *Grandchamp* v. *Costello,* 289 Mass. 506, 507. *Stoney* v. *Soar,* 322 Mass. 408, 411. Here a clear, direct and unequivocal allegation of crucial facts is lacking. *Sher* v. *Perlman,* 324 Mass. 390, 391. A declaration for breach of contract must set forth the nature of such contract with certainty and precision. *Flower* v. *Suburban Land Co. Inc.* 332 Mass. 30, 32. There is present in the declaration in set-off no statement disclosing in what manner the contract alleged was broken. No mention is made of the reasonableness of the sums paid to another contractor for work and materials.

The question of damages in this case has been rendered moot by what has been said above; however, we believe it advisable to state that the correct rule of damages in cases of this sort is clearly set out in *Ficara* v. *Belleau,* 331 Mass. 80.

The plaintiff's exception to the order overruling the demurrer is sustained and judgment is to be entered for the plaintiff (the defendant in set-off) on the declaration in set-off. Other exceptions of the plaintiff are overruled.

*So ordered.*