*Northern Division*

#6341

## CAPE ANN BANK & TRUST CO.

### v.

## BRUCE S. PLACE

Argued: Jan. 11, 1967    Decided: April 17, 1967

*Present:* Brooks, P.J., Parker, Yesley, J.J.

Case tried to *Durkin, J.* in the District Court of Eastern Essex No. 19205

*\*Parker, J. This is an action of contract* brought by the plaintiff on a judgment recovered by him against the defendant in the sum of $240.44 plus $9.41 in costs, a total of $249.85. On this judgment there has been a payment of $8.00. The plaintiff brought this action for the balance due on the judgment plus supplementary process costs of $14.15, a total of $256.00 with interest from 24 October 1964.

The defendant's answer contained a general denial, plea of payment and a claim in set-off. The claim in set-off was that the plaintiff caused an attachment to be placed on the real estate of the defendant, which attachment arising out of the instant claim of the plaintiff was in violation of law of the Commonwealth, and as a result of the plaintiff's attachment, the defendant "suffered embarrassment, loss of profit from sale of his real estate, and suffered other losses to his great damage".

The plaintiff filed a motion to dismiss the claim of set-off which the court allowed stating, "The claim sought to be set-off does not fall within the class of claims liquidated or ascertainable by calculation." The motion was al-

lowed on argument of counsel and no evidence was taken.

The defendant claims to be aggrived by the court's allowance of the plaintiff's motion without hearing evidence.

The defendant's brief contains many allegations of fact relative to supplementary process proceedings instituted by the plaintiff against the defendant which are not supported by any evidence contained in the report although it states that it contains all the evidence material to the question reported.

Therefore, the question to be decided is whether the defendant's claim of set-off was properly dismissed on motion of the plaintiff without hearing evidence thereon.

The statute covering Set-off is G.L. c. 232, § 1, as follows:

> "If at the commencement of an action upon a judgment or upon a contract express or implied, for property sold, for money paid, for money had and received, for services performed and for an amount which is liquidated, or may be ascertained by calculation, the defendant has in his own right a claim against the plaintiff such as is hereinbefore mentioned or such a claim which has been assigned to him with notice thereof to the plaintiff, it may be set off against the plaintiff's claim as hereinafter provided."

Set-off is not a defense to an action of a plaintiff. *Fiske* v. *Steele,* 152 Mass. 260, 261.

Under the provisions of G.L. c. 232, §§ 8 and 9, if the plaintiff relies on a claim in set-off, he must file a declaration in set-off. The report does not show that he did this, for it states,

"The defendant pleads a general denial, and payment and a claim in set-off". From this, it would appear that he made his claim in set-off as a part of his answer, which is not a proper procedure under the statute. Whatever may have been the case, the record fails to disclose that his "plea" was a declaration in set-off. *Taylor* v. *Kennedy*, 228 Mass. 390, 394.

A claim in set-off must be one of those set out in G.L. c. 232, § 1. The defendant's claim is not upon a judgment or a contract for property sold, for money paid, for money had and received, or for services performed. The question is, was it for an amount which is liquidated or may be ascertained by calculation? It is plain that it is not. *Webber* v. *Johnson*, 342 Mass. 455, 458; *Union Insurance Company* v. *Howes*, 124 Mass. 470, 472; *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 39, 42.

The defendant's claim for set-off does not even state a figure of liquidated damages nor does it give an ascertainment of the damages he claims.

There was no error in the allowance of the plaintiff's motion. The claim of set-off was defective on its face and a motion to dismiss was the proper way to raise the question. *Gatley* v. *U-Haul Co.*, 350 Mass. 483.

The defendant's claim, if it were a declaration in set-off, would have been demurrable. *Webber* v. *Johnson*, 342 Mass. 455, 459.

Since there was no error in the action of the court, the report will be dismissed.

BERKAL & BERKAL
  for the plaintiff
MERRILL B. NEARIS
  for the defendant