GEORGE MCNEILLY & another *vs.* RICHARD D. BUCK & another. February 1, 1968. This action of contract was referred to an auditor whose findings of fact were to be final. The declaration contained three counts, each in quantum meruit for labor and materials. Count 1 is against Richard D. Buck, count 2 is against George H. F. Buck, and count 3 is against both defendants.[1] They filed a declaration in set-off. After the auditor's report was filed the trial judge, inter alia, denied the plaintiffs' motion to recommit and allowed the motions of the defendants for judgments in their favor. The judge also ordered judgment for George as plaintiff in set-off in the amount determined by the auditor. The plaintiffs duly excepted. The judge stated that his "reason" for ordering judgment for the defendant George on counts 2 and 3 "is that according to the findings of the Auditor . . . [w]hether the contract . . . to do specified work and labor was one for an expressly stated price or . . . one without an agreed price . . . the plaintiff[s] . . . [have] . . . failed to establish substantial performance and an effort in good faith fully to perform." Our examination of the auditor's report satisfies us that the judge was right on this point. However, we do not agree that George as plaintiff in set-off is entitled to recover on his declaration in set-off for his expenses "in order to complete the work." We have examined the various items in his declaration and we conclude that to award damages to him would put him in a better position than if the plaintiffs (defendants in set-off) had carried out the contract. *Ficara* v. *Belleau*, 331 Mass. 80, 82. *Webber* v.

---

[1] The auditor found that Richard "was not the owner of the property involved, was not a principal in the making of the contract and acted merely as an agent for his brother, George."

*Johnson,* 342 Mass. 455, at 459. George is entitled to be made whole and no more. The exception to the judge's order for judgment for George on his declaration in set-off is sustained. Judgment is to be entered for the plaintiffs (defendants in set-off) on the declaration in set-off. All other exceptions are overruled.

*So ordered.*

*Russell H. Mann, Jr. (Walter E. Palmer* with him) for the plaintiffs.
*Frederick A. Busconi (John J. Sullivan, Jr.,* with him) for the defendants.