**WALLACE CONSTRUCTION COMPANY,**
**Appellant,**

v.

**James RUDE, Appellee.**

**No. 2216.**

Supreme Court of Alaska.

June 2, 1975.

Risher M. Thornton, III, of Holland & Thornton, Anchorage, for appellant.

Charles E. Tulin, Anchorage, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

PER CURIAM.

This case involves a foreclosure action on claim of lien by appellant for failure to pay for a concrete block foundation and the counterclaim of appellee for damages for failure of substantial performance. The trial court dismissed the foreclosure action and awarded $4,891.00 to appellee for use of equipment, loss of earnings and costs of labor and materials to replace and repair portions of the foundation. Appellant asserts as error the award of damages to appellee without the award of the contract price of $2,625.00 to him on theories of unjust enrichment or double recovery to appellee.

■ The doctrine of unjust enrichment was discussed in Nordin Constr. Co. v. City of Nome [1] and that decision is controlling on the issue here. Appellant did not plead a claim of unjust enrichment; appellant did not attempt to amend the pleadings to raise such an issue at or after the trial; and appellant did not submit any proof of value conferred upon appellee by less than substantial performance as it was his burden to do.[2]

■ The argument that the trial court has permitted double recovery[3] to the property owner is similarly not appropriate here for the trial court found that even though appellee was using the basement after making repairs, the repairs were only temporary and the basement would continue to crumble and crack because of the improper installation by appellant. Further, the court found it impossible to return the property to its original condition. The trial court then awarded damages for the temporary repairs to the time of trial, lost earnings to appellee for time required to effectuate the repairs, equipment rental to accomplish repairs and costs to backfill the foundation. We have reviewed the evidence and reach the conclusion that these findings are not clearly erroneous.[4]

1. 489 P.2d 455 (Alaska 1971).

2. Appellant's failure to plead unjust enrichment or to so amend his pleadings does not defeat his recovery. However, his failure to present proof of value is fatal. 489 P.2d at 465–66.

3. It appears that an owner cannot recover damages for defective performance and also retain the contract price where the defective construction can be repaired. *See* McNeilly v. Buck, 353 Mass. 768, 234 N.E.2d 293 (1968) ; Condello v. Stock, 285 App.Div. 861, 136 N.Y.S.2d 507 (1955) ; *see also* annotation 76 A.L.R.2d 805, 820 (1961). The cases reflect the view that contract damages should be compensatory. However, a different situation exists where the defective performance cannot be repaired satisfactorily and the premises cannot be returned to their original condition. *Cf.* 5A A. Corbin, Contracts § 1126 (1964).

4. *See* Civil Rule 52 ; Alaska Foods, Inc. v. American Mfrs. Mut. Ins. Co., 482 P.2d 842 (Alaska 1971).

██ However, one conclusion of the trial court is erroneous under the evidence. The trial court awarded appellee the sum of $490.00 to backfill the foundation. However, under the contract between appellant and appellee, appellant was not required to backfill around the foundation. Thus, only the extra expense required because the backfill had to be undertaken after the ground had frozen would be a proper charge against appellant. The extra cost of bringing in gravel at $85.00 and the cost of delivering that gravel of $45.00 would be proper charges against appellant. Thus the award of $490.00 for backfilling should be reduced to $130.00.

The judgment of the trial court as modified is affirmed.

BURKE, J., not participating.