## THE DISTRICT TOWNSHIP OF SIDNEY V. THE DES MOINES INSURANCE COMPANY.

**Fire Insurance:** NOTICE AND PROOF OF LOSS: TIME OF GIVING: PLEADING. A petition in an action upon a policy of fire insurance stated that the loss occurred " on or about April 14, 1886," and that notice and proof of such loss were given " on or about June 19, 1886." *Held* that the petition did not show that more than sixty days intervened between the loss and the notice and proof thereof ; but that, by the use of the words " on or about," it was indefinite as to that, and was not, therefore, bad on demurrer, under chapter 211, Laws of 1880.

*Appeal from Fremont District Court.*—HON. GEORGE CARSON, Judge.

FILED, MARCH 9, 1888.

ACTION on a policy of insurance against loss or damage by high winds or tornadoes. There was a demurrer to the petition, which was overruled, and the defendant appeals.

*Cole, Mc Vey & Clark,* for appellant.

*Geo. E. Draper,* for appellee.

SEEVERS, C. J.—The petition states that the loss occurred " on or about the fourteenth day of April, 1886," and that " on or about June 19, 1886, notice and proof of loss were given to the defendant at the office in

Des Moines, Iowa." The defendant demurred to the petition, upon the ground that notice and proof of loss were not furnished until more than sixty days after the loss had elapsed. Counsel for the appellant insist that under the provisions of chapter 211, Laws 1880 ( Miller's Code, 299 ), the plaintiff is not entitled to recover unless the proof of loss was furnished the defendant within sixty days after the loss occurred, and it is further insisted that such fact appears on the face of the petition. On the other hand, counsel for the appellee contends that such fact does not appear on the face of the petition, and we think the position of counsel for the appellee must be sustained. The petition is indefinite and uncertain; but this is not the ground of the demurrer. The word " on " is limited or qualified by the word "about," which means in the "proximity of," or "near to," and this is what the words, taken together, as used in the petition, mean. It may be assumed that the pleader was uncertain as to either date, and therefore stated the time of each in the alternative. It seems to us that the petition, on its face, does not state that the notice of loss was not given the defendant until sixty days had elapsed after the loss. More or less than that period may have elapsed, and because the petition is indefinite in this respect, it was not obnoxious to the demurrer.                                     AFFIRMED.