W. M. CONNOR ET AL. V. GEORGE BECKER.

FILED NOVEMBER 20, 1901.   No. 11,624.

Commissioner's opinion, Department No. 1.

1. **Patent Clerical Error:** "PAIN" FOR "PAID." Pleading that "no part of said check has been pain except the sum of $68.12, which sum was paid by defendant's assignee for creditors" is to be construed as if the word written "pain" were "paid."

2. **Motion for Judgment Non Obstante Veredicto:** CONSTRUCTION. As against a motion for judgment notwithstanding verdict for defendant, all the facts set out in the two paragraphs stated as first and second defenses will be considered together, so far as they are consistent and go towards showing a valid defense.

3. **Motion for Judgment:** STATUTE OF LIMITATIONS. On motion for judgment for plaintiff after verdict for defendant, as regards the statute of limitations, the above is to be construed as if it alleged a payment by an assignee under an insolvency law.

4. **Allegation of Residence.** Allegation that defendant has continuously resided in Nebraska ever since "on or about January 13th, 1888," sufficiently indicates such a residence on and after January 24th, 1889, as against a motion, after verdict in favor of defendant, for judgment for plaintiff.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J.   *Affirmed.*

*C. W. De Lamatre* and *Byron G. Burbank,* for plaintiffs in error.

*Charles S. Lobingier, contra.*

Argued orally by counsel for both parties.

HASTINGS, C.

The question in this case is as to the sufficiency of the third amended answer to set up the statute of limitations against a second amended petition. Trial was had and verdict rendered for defendant, and a motion was made by plaintiff for judgment under section 440 of the Code, which is as follows: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." This section has been held to be equivalent to the common law practice of judgment *non obstante veredicto,* and such a judgment is only to be rendered when the pleadings of the party, who has obtained a verdict, confess facts entitling the other party to a judgment. *Manning v. City of Orleans,* 42 Nebr., 712; *Gibbon v. American Building & Loan Ass'n,* 43 Nebr., 132; *Johnston v. Spencer,* 51 Nebr., 198. The summons which was served in the action was issued January 24, 1894. The second amended petition sets out a check in favor of plaintiffs dated Cincinnati, Ohio, December 10, 1888, and alleges presentation of it on December 11, 1888, and dishonor and protest; that the statute of limitations in Ohio allows 15 years for an action on such a check; and that at the commencement of this action "defendant had not been a resident of the state of Nebraska five years."

The answer, which is claimed to entitle plaintiffs to a judgment, is as follows:

"First Defense.—Comes now the defendant, and, by leave of court first obtained, answering the second amended petition herein filed, says: He admits the execution and delivery of the check set out in the first paragraph of said petition; and admits that no part of said check has been pain except the sum of $68.12, which sum was paid by defendant's assignee for creditors and accepted by plaintiff; and admits that the plaintiffs composed and compose the partnership of Conner, Sleet & Co., as alleged in the petition; and admits that they are the owners of the check

sued upon; and admits that the check sued upon was presented for payment and protested as alleged in the petition at the cost therein alleged and that notice of nonpayment and protest thereof was given as alleged in the petition; and admits that the statutes of the state of Ohio were and are as alleged in plaintiff's petition; and defendant denies each and every other allegation in said petition contained.

"Second Defense.—Further answering said petition, and for a second defense thereto, the defendant says that on or about the 13th day of January, 1888, this defendant took up his residence and began permanently and legally ϲ reside in the state of Nebraska, and ever since that time has been, and is now, a resident of the state of Nebraska; that the plaintiff's cause of action herein sued upon, accrued on the 11th day of December, 1888, and that ever since the 3rd day of January, 1888, the plaintiffs have been able to sue the defendant in the state of Nebraska; and that prior to the first day of January, 1889, the said plaintiffs were able to have sued this defendant in the city of Cincinnati in the state of Ohio; and by reason of the facts aforesaid, this defendant says that said plaintiff's cause of action is barred by the statute of limitations, and this defendant now pleads and relies on said statute of limitations in bar of said plaintiff's right to recover herein."

A considerable dispute is raised in the record as to the word "pain," in the first paragraph. In the transcript, as originally filed, it has been marked over, to render it uncertain whether the last letter is "d" or "n." It appears, however, that in the original, as filed, it is an "n." This answer was filed by leave of court during the last trial; the case having been before this court on a former occasion, and a judgment for defendant reversed [56 Nebr., 343]. It is perfectly evident from the context that the pleader meant to use the word "paid," and the substitution of a letter, which would render the entire paragraph unintelligible, will not be held to defeat his intention, and we shall treat the word as being "paid."

The petition alleges this payment to have been made on January 29, 1890, and the first contention raised by plaintiff is that this answer admits a payment which brings the instrument on which it was made within the limits fixed by the Nebraska statute of limitations. If this payment of $68.12 was a voluntary one or is to be given the effect of a voluntary payment, then this claim must be allowed. It is contended that the statement "paid by defendant's assignee for creditors" does not amount to the allegation that it was paid by the assignee for an insolvent debtor, and without his voluntary participation. However, after verdict and in the absence of any demand for a more specific statement, this allegation must be liberally construed, and must be held to state that this payment was made by an assignee of defendant as an insolvent; and under the decision of *Whitney v. Chambers,* 17 Nebr., 90, such a payment must be held not to take the case out of the operation of the statute. It is conceded in that decision that good authority can be cited for the opposite rule, but we are not asked to change it, and have no disposition to do so.

It is urged that the two defenses of the answer, stated as a first defense and second defense, must be construed separately, and unless there is enough in either one or the other of them, taken by itself, to establish a defense, the motion for judgment for plaintiff must be sustained. Counsel cite *Catlin v. Pedrick,* 17 Wis., 91, to this proposition that separate counts must be separately construed. Such a doctrine is certainly laid down in that case, but it is to be observed that the court was dealing not with a motion for judgment, but a demurrer to each of separate counts, and not with the statement of a defense, but with the statement of a counter-claim, and is holding that the pleader, who has stated a part of his facts in making the one counter-claim, and part of them in making another, can not complain on the sustaining of the demurrers to each of them that the court did not consider them both as one. We are here, however, dealing with a motion for

judgment, which the statute authorizes only when the defendant's pleadings, read in connection with the plaintiff's, disclose a right to it on plaintiff's part. We think if these two sections of the answer, stated as two defenses, read together and as a whole, disclose a defense to the plaintiff's action, his motion for judgment was properly overruled. *Sabin v. Austin,* 19 Wis., 443, is another case where attempt to make two causes of action out of one was attacked by demurrer, and the sustaining of such demurrer upheld. A similar ruling on demurrer would doubtless obtain in our own courts, unless the pleading was helped by reference from one count to the other. *Schuyler Nat. Bank v. Bollong,* 24 Nebr., 823. But after verdict matters purely formal should be disregarded, and the substance of the pleading, taken as a whole, given its full effect. In case a demurrer had been filed to this petition as a whole, and not to each of its two separate counts, the court would have been compelled to examine the whole answer. Plaintiffs certainly can not claim that they are in any better position than they would be under a general demurrer to the whole answer, and there are plenty of authorities for a more liberal rule of construction under a motion of this kind, especially under our statute, than prevails as against a general demurrer. It will be observed that the answer really attempts to state but one defense, viz., the statute of limitations, and in the first so-called defense seeks to raise this by way of denial of plaintiff's allegation that defendant had not resided in Nebraska five years at the commencement of the action. This allegation was necessary to save the petition from a general demurrer. After a verdict, where a denial of this allegation has been treated as raising the bar of the statute, it does not seem quite clear that it does not do so. In the so-called second defense the same question is sought to be raised by pleading "that on or about the 13th day of January, 1888, this defendant took up his residence and began permanently and legally to reside in the state of Nebraska, and ever since that time, has been and is now

a resident of the state of Nebraska." Following is an allegation that ever since January 3, 1888, suit could have been brought in Nebraska; and following that an allegation that prior to January 1, 1889, it could have been brought in Cincinnati, Ohio. The word "about" is held in *Hedges v. Roach,* 16 Nebr., 678, to render valueless an allegation that "defendant has been absent at different times from the state of Nebraska, amounting in all to the period of about two years." It was held that this did not allege an absence for any specific time, and should be allowed no weight in preventing the running of the statute of limitations. It is true that the court had previously remarked that these absences might, so far as the pleadings indicate, be merely temporary, and so have no effect upon plaintiff's right to bring suit; and it is also true that the question was raised by demurrer to the petition, and not, as here, by motion for judgment. In *District Township of Sidney v. Des Moines Ins. Co.,* 75 Ia., 647, 36 N. W. Rep., 902, an allegation of loss on or about April 14, and of furnishing proofs to the defendant insurance company on or about June 19, is held not demurrable, though subject to motion to make more specific. To similar effect are *Bement v. Wisner,* 1 Code Rep., n. s., 143; *Kansas P. R. Co. v. McCormick,* 20 Kan., 107. Even if it be held that the date, on or about January 13, 1888, may refer to any day in that year, it would still be in time. The action, as before remarked, was commenced January 24, 1894, and a continuous residence in Nebraska for five years preceding that time would be a complete bar.

This pleading, even harshly construed, does not indicate a right of recovery on plaintiff's part. It is therefore recommended that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.