BLANCHE M. POWERS *vs.* JOSEPH L. BERGMAN.

Suffolk.    November 13, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Assault.    Practice, Civil,* Specification of time.

In an action for an assault and battery the plaintiff filed a specification stating that the assault was committed " on or about " a day named. The plaintiff introduced evidence tending to show that the assault was committed on the day named. The jury disagreed, and there was a new trial, at which after the plaintiff's opening the defendant moved that the words " or about " should be stricken out of the specification filed by the plaintiff, and the judge, subject to the plaintiff's exception, ordered that the words be stricken out. The plaintiff then made motions to amend her specifications in relation to the date in accordance with her understanding of the facts. These motions were denied by the judge. The plaintiff offered evidence to prove her case in all particulars except as to the date named in the specification and said that she could not prove that the assault was committed on that day. Thereupon the judge ordered a verdict for the defendant, and the plaintiff excepted. *Held,* that the order requiring the striking out of the words " or about " from the specifications was erroneous, and, with the denial of the plaintiff's motions to amend her specification, was equivalent to an order forbidding her from presenting the case relied upon and stated in her declaration and in the specification first filed, which, if her case was prosecuted honestly and in good faith, was a denial of justice and was not within the power of the court.

At the second trial of an action for an assault the plaintiff is not estopped by the fact, that her evidence at the first trial tended to show that the assault was com-

mitted on a certain day, from showing at the second trial, under a proper specification of time, that the witnesses at the first trial were mistaken in that part of their testimony and that the assault was committed on a different day.

KNOWLTON, C. J. This is an action of tort for an assault and battery. The declaration does not state the time and place of the assault. The defendant moved that the plaintiff file specifications in these particulars. Less than two weeks afterwards, without any order of court on the motion, the plaintiff filed a specification as follows: "And the plaintiff says that the assault declared on by the plaintiff occurred at Boston in the County of Suffolk aforesaid, on or about Friday, November 29, 1901." The defendant's answer was a general denial. On these pleadings the parties went to trial in October, 1904, and the jury disagreed. At a second trial, which began on October 10, 1906, at the close of the plaintiff's opening the defendant moved that the words "or about" be stricken out of the specification filed by the plaintiff. The plaintiff objected to the allowance of the motion on various grounds, one of which was that he "did not rely on proving the act as of November 29, 1901, but expected to prove that it occurred on another date." The motion was allowed and the plaintiff excepted.

A motion of the plaintiff, made nearly a year before, to amend her specification by stating the time of the assault as between November 6 and December 6, 1901, had been denied by another judge. After the allowance of the motion to strike out the words "or about," the plaintiff made, in succession, different motions to amend the specifications, one by stating the act as having occurred between November 11 and November 27, 1901, another by fixing the time as between November 15 and November 27, 1901, excluding Saturdays and Sundays, and another as either on Friday, November 22, 1901, or Friday, November 29, 1901, and another on Friday, November 22, 1901. Each of these motions was denied on hearing, and to the order upon each the plaintiff excepted.

The plaintiff offered evidence to prove her case in all particulars except as to the date November 29, 1901, and said that she could not prove that the assault was committed on that day. Thereupon a verdict for the defendant was ordered, and the plaintiff excepted.

When the averments of a declaration are too general to give the defendant reasonable information of the particular facts on which the plaintiff relies as a part of his general statement of a cause of action, specifications are ordered on the defendant's motion. Sometimes it is difficult or impossible for the plaintiff to state the time or place with exactness, and it becomes a question for the exercise of judicial discretion to determine how far he should be required to go in narrowing the statement of his case, for the protection or convenience of the defendant. The rights and interests of the parties and the difficulties and exigencies of the preparation of the plaintiff's case and of the defendant's defence are to be considered, and such orders are to be made as will promote justice. *Blaisdell* v. *Gladwin*, 4 Cush. 373, 376. *Commonwealth* v. *Snelling*, 15 Pick. 321, 331, 333. *Wheelock* v. *Barney*, 27 Ind. 462. *Mosheim* v. *Pawn*, 18 N. Y. Supp. 166. The specifications under which this case was first tried and the second trial was begun did not limit the plaintiff to a single day in her proof of the time of the assault, but permitted proof of an act committed on November 29, or on some other day about that time. *District Township of Sidney* v. *Des Moines Ins. Co.* 75 Iowa, 647. If the defendant needed a more definite specification, he might move for an order requiring it, and if the judge thought the motion reasonable he might allow it. Instead of this, he made a motion that the plaintiff's specification previously filed should be changed to a specification of a time designated by himself, which the plaintiff said was inconsistent with the facts of the case that she desired to present. The plaintiff was not permitted to file a more definite specification according to her understanding of the facts, but the defendant was permitted to make a specification for her, which she said was incorrect. This was equivalent to an order forbidding the plaintiff to present the case relied upon and stated in her declaration, and in the specification previously filed. If the plaintiff's case was prosecuted honestly and in good faith, this was a denial of justice, and was not within the power of the court. It appeared that, previously to the first trial, the defendant filed a second motion for specifications, which did not suggest a more definite statement of the date on which the alleged assault was committed. Because of a statement to counsel as to what the

plaintiff expected to prove this motion was not granted. It also appeared that, at the first trial, the plaintiff's evidence tended to show that the alleged wrong was done on November 29. The judge doubtless thought that in the second trial the plaintiff should be limited to the day to which the evidence in the first trial was directed. If the first trial had proceeded under a specification which limited the plaintiff to that day, and the plaintiff had moved to enlarge the specification so that it should include a different time, the court might have exercised its discretion to deny the motion; but to hold that, because the evidence at one trial pointed to a particular time under specifications which included other times, the plaintiff was precluded at a later trial from introducing evidence that witnesses were mistaken in a part of their testimony, and that the time of the event was different, although within the specifications, would introduce an element of estoppel which the law does not recognize and which might work great injustice.

Because of this error the exceptions are sustained. The denials of the plaintiff's several motions, made after this erroneous order, are no longer material, as, in the absence of any further order of the court, the plaintiff, at another trial, will not be limited in her proof to November 29. If a motion is hereafter made for an enlargement of the specifications, the decision upon it will be within the discretion of the court. If a motion is made by the defendant for a more definite and limited specification, in that too the court may exercise discretion. *Commonwealth* v. *Giles*, 1 Gray, 466, 469. *Commonwealth* v. *Wood*, 4 Gray, 11. *Blake* v. *Everett*, 1 Allen, 248. *Harrington* v. *Harrington*, 107 Mass. 329. But it cannot fix for the plaintiff a day which she says is not in accordance with the truth, and not the day shown by the testimony on which she relies.

*Exceptions sustained.*

*J. J. Walsh, (J. F. Lynch* with him,) for the plaintiff.

*C. W. Bartlett & W. B. Sullivan,* for the defendant.