Mason, J.
The plaintiff’s declaration is as follows:
“And the plaintiff says that the defendant converted to its own use two Silvertown casings, two Silvertown gold and black tubes, and one flap, the property of the Plaintiff. All to the great damage of the plaintiff.”
After motion by the defendant the plaintiff filed a Bill of Particulars as follows:
“On or about August 12,1936 the Defendant, repossessed a certain Chevrolet Sedan from one Marion I. Russo, on which was certain property of the Plaintiff’s as set forth in Plaintiff’s declaration.
On or about August 31, 1936 demand in writing on the defendant was made for the return of said property to the plaintiff but .same has not been returned.”
The defendant filed an answer of general denial and plea of payment and also a Declaration in Recoupment, which is immaterial in view of the findings of the Trial Court and our rulings on questions of law.
The Trial Court found the following facts:
One James D. Russo, Jr. was, on the 26th day of June, 1936, in possession of a Chevrolet sedan covered by a conditional sale contract held by the defendant and received in evidence in this case. On the 26th day of June, 1936 the plaintiff sold to Marion I. Russo the tires and tubes described in the plaintiff’s declaration retaining title thereto under conditional sale contract which was also placed in evidence in the case. The tires and tubes thus sold were placed on the car then owned by James D. Russo, Jr. On *199 August 3, 1936 the defendant repossessed the car from James D. Russo, Jr. On that date both the conditional sale contract held by the defendant and the conditional sale contract held by the plaintiff were in default.
After taking possession of the car under its conditional sale contract, the defendant retained possession thereof until the 18th day of August, 1936 and on that date sold the car with all equipment then on it, including the tires and tubes in question, to one Leidhold, the dealer who had originally sold the ear to Russo. In making this, sale to Leidhold the defendant was- acting in accordance with an agreement between it and Leidhold which was received in evidence and under which Leidhold was obligated to buy any car financed by the defendant for him and pay therefore the amount of the unpaid balance on the conditional sale contract existing at the time of repossession.
It was agreed that the value of the tires and tubes on the car as of August 3, 1936 was $25.00 and as of September 1, 1936 was $23.00.
No demand was made by the plaintiff upon the defendant for the return of the tires and tubes described in the plaintiff’s declaration until August 31, 1936 at which time said tires and tubes were no longer in possession of the defendant.
The memorandum of finding contained the following:
I find and rule that the defendant on the 18th day of August, 1936, by its sale of the car with the tires- and tubes thereon to Leidhold exerciséd dominion and control over the plaintiff’s tires and tubes and thereupon became liable to the plaintiff for conversion of said tires and tubes as of that date. I find that at the time the defendant made such sale it had no knowledge of the plaintiff’s title or claim of title and acted innocently, but I rule that knowl *200 edge of the plaintiff’s claim at the time of exercising dominion over the plaintiff’s property is immaterial.
I further rule that the plaintiff’s cause of action for a conversion is based upon the fact that the defendant did exercise dominion over the plaintiff’s property by purporting to sell that property to Leidhold and that the plaintiff’s cause of action is not based upon a demand and refusal and, therefore, that the demand of August 31, 1936 from the plaintiff to the defendant was superfluous.
I, therefore, find for the plaintiff and assess damages in the sum of $23.00.
The defendant filed certain requests for rulings, the ones of which now material are as follows:
“1.. Up to August 3, 1936 James D. Eusso, Jr. was in lawful possession of the tires.
2. From August 3,1936 to August 18,1936 the defendant was in lawful possession of the tires.
6. There is a variance between the pleadings and any conversion by the defendant up to the time of the demand.
7. Trover will not lie when based on a demand made on one who has at the time or thereafter no possession or control of the property demanded.
8. Trover will not lie when based on a demand when there is no refusal and no evidence that the defendant had actual knowledge of the demand.”
The Trial Court dealt with these requests as follows:
(1) The evidence being that there had been a default in the conditional sale contract between the plaintiff and Marion Eusso prior to August 3, 1936 I deny the defendant’s first request.
(2) There being no evidence before me as to the exercise of dominion over the tires by the defendant from August 3rd until the time when the defendant sold the car with the tires on it to Leidhold on August 18th, I rule as to the defendant’s second request that there is no evidence that the defendant’s, possession *201 of the tires was adverse to the plaintiff or unlawful until the time on August 18th when the defendant purported to sell the car with the tires on it to Leidhold. I rule that 'by said purported sale the defendant exercised dominion over said tires and thereby converted the tires.
(6) I deny the defendant’s sixth request.
(7) I .grant the defendant’s seventh request, but rule that the plaintiff’s action in this case is not based on demand but on exercise of dominion by the defendant.
(8) I grant the defendant’s eighth request, but rule that the plaintiff’s action in this case is not based on demand but on exercise of dominion by the defendant.
It thus appears that the decision of the Trial Court is based solely on the sale by the defendant of property belonging to the plaintiff. If there had been no bill of particulars or' specifications filed 'by the plaintiff, it would have been necessary for us to inquire into the effect of such a sale as is shown by the evidence in this case; but this sale is not included in the acts of conversion specified in plaintiff’s bill of particulars, and is therefore not within the pleadings upon which the case was tried. There are no •general allegations in the bill of particulars in this case, such as have been relied on in some cases to broaden the specifications. See McDonough v. Boston Elevated Railway, 208 Mass. 436.
In Powers v. Bergman, 197 Mass. 39, it was held to be an abuse of discretion to order the words “on or about” stricken from a specification of the date of an assault which was the basis of the action, where the plaintiff’s counsel at the time of such order protested and claimed the right ■to name the preceding day. It is said at page 41 “If the defendant needed a more definite specification, he might move for an order requiring it, and if the judge thought the motion reasonable he might allow it. Instead of this, *202 lie made a motion that the plaintiff’s specification .previously filed should he changed to a specification of a time designated by himself, which the plaintiff said was inconsistent with the facts of the case that she desired to present. The plaintiff was not permitted to file a more definite specification according to her understanding of the facts, ibut the defendant was permitted to make a specification for her, which she said was incorrect. This was equivalent to an order forbidding the plaintiff to present the case relied upon and stated in her declaration, and the specification previously filed.”
Again in the very recent case of Louka v. Park Entertainments, Inc., Mass. A. S. (1936) 981, it was held that there was an abuse of discretion in ordering modification of specifications, and unduly limiting them. This was an action for libel in which the plaintiff claimed special damage. She had filed specifications naming certain persons with whom her reputation had been damaged, adding at the end of the list “also numerous other people whose names and addresses at present the plaintiff cannot ascertain”. On motion of the defendant these words were ordered expunged. It was said by the Court — “The effect of allowing it was to limit the plaintiff to the designation of particular persons with whom her reputation had be'en damaged, whereas she had a right to go to trial for the recovery of all damages which could fairly be inferred to have resulted from the extent of publication proved.”
These two cases last cited indicate clearly that the specifications were of great importance, and that the plaintiff would be strictly limited to proof of the particulars specified.
There was prejudicial error in denying the defendant’s sixth request for ruling. The finding for the plaintiff must be set aside, and judgment entered for the defendant.
*203 There is a question raised in the report as to the admissibility of certain evidence, but the foregoing decision makes this question immaterial, and we do not discuss it.