*Municipal Court of the City of Boston*

No. 438127

**BARRY WOLKON, ET AL**

v.

**CHARLES S. SHAFRAN, ET AL**

(January 10 — January 17, 1958)

*Present:* ADLOW, C. J. (PRESIDING), TOMASELLO AND BARRON, JJ.

Case tried to ROBERTS, J., who disallowed the report in the Municipal Court of the City of Boston.

*Tomasello, J.* This case is before us on a petition to establish the trial judge's report.

The request for a report indicates that the plaintiff, Barry Wolkon, in an action of tort for personal injuries, was aggrieved by the finding or refusal to

find and to include the alleged illness, disability and consequential damages as an element of damages which the plaintiff contends was proved by a preponderance of the evidence relating thereto. In substance, the plaintiff claims to be aggrieved by the inadequacy of damages assessed and the trial judge's ruling on request for ruling No. 6 which reads as follows: "The evidence is sufficient to warrant a finding that there was a causal relation, either contributing or precipitating, between the resulting physical and mental injuries received by Barry Wolkon in the accident on February 25, 1956, and his subsequent illness and incapacity beginning on or about May 5, 1956, requiring hospitalization on May 10, 1956."

The plaintiff as an addenda to request No. 6 specified:— (As to these requests, 6 through 11, it is pointed out that, aside from the other pertinent testimony as to the condition of Barry Wolkon after the date of the accident, February 25, 1956, and May 10, 1957, the record of the Massachusetts General Hospital contains the statement on page 71: "Since accident he has been 'never the same', worried when he drives; easily shaken up by narrow misses, very nervous, couldn't study and had to go to the movies to relax"; and the only evidence by a qualified medical expert, Dr. Charles L. Short, was to the effect that Barry Wolkon was suffering, in his opinion, from Rheumatoid Arthritis and that the mental and emotional stress caused by the accident was an adequate and probable cause as a precipitating factor in the onset of this disease).

The court's action on this request numbered 6 was as follows:

"6. Given. Such a finding is warranted but not required and I do not so find."

On May 10, 1957 the court found for the plaintiff Wolkon against the defendants and assessed damages for the plaintiff in the sum of $500.

In disallowing the plaintiff's subsequent claim of report, the trial judge certified:

"In this case the plaintiffs have a finding in their favor. At the trial they filed eleven requests for rulings and the court allowed all of those requests. The plaintiff thereafter filed a request (claim) for report based solely upon the court's determination and finding that the illness of the plaintiff, Barry Wolkon, p.p.a., beginning on May 5, 1956 and requiring hospitalization on May 10, was not related to or proximately caused by the accident which occurred on February 25, 1956 and was not related to the injuries of this plaintiff received in this accident. (See request No. 6 and ruling and finding thereon.) As this claim for report is based exclusively on a finding of fact, and as there is no issue of law raised by the claim for report for determination by the Appellate Division, the plaintiffs' claim for report after hearing is hereby disallowed."

At the trial there was conflicting medical testimony as indicated in the petition to establish the report. The plaintiff offered expert medical testimony in support of the plaintiff's claim, and the defendant offered testimony of one Dr. Charles Averill, a graduate of Harvard Medical School in 1942, who had served in the U. S. Army as a medical officer, was a member of the Surgical Staff of the Boston City Hospital, taught clinical surgery at Tufts Medical School and was a member of the American Board of Surgeons, who testified to having examined the plaintiff, received a history of his case, and was of the opinion that the accident and the subsequent illness were not related. Some question was raised by the plaintiff concerning the doctor's expertness in the field of arthritis or rheumatic diseases. The plaintiff Wolkon also testified at the trial.

The trial judge had an opportunity to see the witnesses and weigh their testimony, and it was ex-

clusively his province to decide upon their credibility. *MacDonald v. Adamian*, 294 Mass. 187, 191.

It is evident that the plaintiff is confused in the distinction between the terms "warrant" and "require". What "may" be done as to certain evidence is distinguishable from what "shall" be done. *Cogan v. Bass,* —— Mass. App. Dec. ——. It follows that the findings of fact made by the trial judge upon the conflicting evidence were not reviewable. *Ashapa v. Reed,* 280 Mass. 514; *Dillon v. Framingham,* 288 Mass. 511, 513. Likewise the findings could not have been set aside where warranted on the evidence, since only questions of law were to be presented by the report if allowed. *Burns v. Winchell,* 305 Mass. 276, 282; *Okin v. Sullivan,* 307 Mass. 227, 228.

In this case there was no question of law involved as the plaintiff was not aggrieved by the allowance of his requests, and there was no error of law in the manner in which the trial judge dealt with the requests relating to the issues involved.

As to any grievance regarding the extent of damages assessed, it has consistently been the rule and practice in our legal history to limit the computation of damages to the arbitrament of the trial judge. Sedgwick on Damages, Ninth Ed. §27. Damages are a matter on which, from the nature of the question, wide latitude must be allowed the trial judge, and even though unquestionably the evidence were to warrant a much larger finding for the plaintiff it cannot be said that on no reasonable view of the evidence can the amount found be sustained. *Gilbert's Patents v. Smith & Wesson,* 30 F2d 296, 298.

Examining all phases of the plaintiffs' alleged grievances there is nothing to merit the establishment of his draft report.

Ordered:
*The petition to establish plaintiffs' report is denied.*

J. Alex Lane, for the plaintiff.
John F. Finnerty, for the defendant.