E. W. Hadley, for the Respondent.

*Municipal Court of the City of Boston*

No. 440790

**HARRY PAUL**

v.

**NORUMBEGA PARK — TOTEM POLE CORP.**

(October 4, 1957 — February 4, 1958)

*Present:* GILLEN, J. (PRESIDING), LEWITON AND ROBERTS, JJ.

Case tried to ADLOW, C. J., in the Municipal Court of the City of Boston.

*Roberts, J.* This is a petition to establish a draft report which the trial court disallowed. G. L. c. 231, §108.

The petitioner commenced an action in contract

under an account annexed alleging that the defendant owed the plaintiff the sum of $1,000 for service rendered as a public relations consultant for the period of December 20, 1955 to February 3, 1956. In addition to a general denial the defendant denied specifically that the services were rendered on behalf of the defendant; that the services were performed on the request or agreement of the defendant; that the services rendered were of benefit to the defendant; that the defendant agreed to pay for the services and pleaded payment.

The issue on the pleading was joined when the defendant filed its answer on October 27, 1956 and subsequently the plaintiff filed and the defendant answered interrogatories. On January 24, 1957 the plaintiff filed a request for particulars under Rule 13 (1952) of this court, the applicable provisions of which are:

"If in an action of contract, the defendant answers with a 'general denial', or a general plea of payment, the plaintiff may take from the clerk's office an order for further particulars as required by this rule. And if after notice of said order given pursuant to Rule 3, a further answer be not filed within two days, the court may, on motion and notice thereof, default the defendant."

In filing this request the plaintiff misrepresented that the defendant has answered "with a general denial or a general plea of payment" and as a result the clerk entered an order for further particulars. On February 8, the defendant filed the following further particulars: "The defendant says that the service set forth in the plaintiff's declaration was paid in full by a check of Norumbega Park — Totem Pole Corp., to Harry Paul and Associates dated February 6, 1956 in the amount of $661.40."

Subsequently the defendant filed a motion for specifications and a notice to the plaintiff to admit facts, both of which were answered by the plaintiff

and after a hearing on motion of the defendant with both parties before the court certain of the plaintiff's specifications were ordered stricken, and the plaintiff was required to file further specifications. The case then proceeded with trial on June 20, 1957.

At the trial the plaintiff filed five requests for rulings, the following of which were denied:

"2. In the defense set out by the defendant in its Bill of Particulars the plaintiff is not bound to prove that the services set forth in his declaration were rendered.

3. In the defense set out by the defendant in its Bill of Particulars the plaintiff is not bound to prove that the services set forth in his declaration were of the value alleged.

4. By its Bill of Particulars the defendant has admitted that the services declared upon were performed and were of the value alleged. *Buren v. Swan*, 4 Allen 380.

5. The defendant having failed to show it had paid the plaintiff $1,000 as declared upon, a finding for the plaintiff in this amount plus interest should be made."

The court found for the plaintiff in the amount of $60, and made the following findings of fact:

"I find that plaintiff continued his employment on same basis as that on which he had worked under prior management. While the parties discussed a new arrangement no agreement was reached. Under the original arrangement the defendant was obligated to pay plaintiff $15 a week for expenses in addition to placing its advertising through the plaintiff. I find that the defendant paid for advertising so placed during January, but has not paid the weekly expense allowance of $15 as agreed."

Thereafter the plaintiff filed a draft report and a second draft by leave of court. This report was disallowed by the trial justice who filed the following Certificate of Disallowance:

"This report is disallowed. The only issues which can possibly be raised in a report of this case to the

Appellate Division are limited to the rulings made by the Court with respect to the requests for rulings of the plaintiff which were denied. These requests are four in number and all concern the extent to which the defendant is affected by its Bill of Particulars. Under the rules the report need only contain such facts as have a bearing on the issues raised by the denial of the plaintiff's requests. In the report submitted by the plaintiff the entire evidence of the case has been set forth despite the fact that it has no material bearing on the legal issues which can be raised before the Appellate Division. The attention of counsel for the plaintiff was called to this fact at a hearing on the draft report submitted by him. Despite the fact that he was given an opportunity to prepare a proper report, he insists in having a report containing a voluminous narrative alleging practically all the evidence in the case, little of which has any bearing on the legal issues raised by the disputed rulings.

(S) Elijah Adlow
Chief Justice."

At the hearing on the petition it became apparent that the draft report was in fact voluminous, and contained a complete restatement of all the evidence favorable to the petitioner's contention which in the light of the petitioner's position was unnecessary, and, in addition, it was obvious that the petitioner failed to report much evidence tending to support the findings made by the trial court. Further, the petitioner failed to comply with the request of the trial justice to prepare a proper report.

Finally, the petition was inaccurate and incomplete insofar as it pertained to the pleadings. The petitioner represented that the respondent filed "a general denial and payment" which was both inaccurate and misleading for it implied that these were the only defenses pleaded. Further, the petition failed to disclose that after filing particulars the respondent then

petitioned for specifications which the petitioner answered in detail after a hearing and order by the court.

Contrary to the allegation of the petitioner, the draft report was not conformable to the facts. G. L. c. 231, §108.

In the opinion of this Division this draft report was properly disallowed. While under the rules the preparation of the draft report is the obligation of the party claiming the right, it is the report of the trial justice. He has a right to insert in it what he deems material to a full and true statement of the points of law involved, and the right and obligation to delete a voluminous statement of evidence which has no material bearing on the legal issue which is to be raised before this Division. *Kelley v. Foley*, 284 Mass. 503.

Notwithstanding the failure of the petitioner to properly establish his draft report, we are of the opinion that there is no merit in the petitioner's contention that "in view of the bill of particulars of defense filed by the defendant it is not incumbent upon him to prove that the services set forth in the plaintiff's declaration were performed, or that they were of the value alleged, and that such bill of particulars constituted an admission that the services rendered were of the value alleged." The authority suggested by the petitioner, (*Buren v. Swan,* 4 Allen 380) is not applicable to this case.

The purpose of specifications is to give the judge and the opposing party knowledge of the nature and grounds of an action or the defense of an action. *Shea v. Compton,* 305 Mass. 327.

The answers filed put in issue the substantial averments of the declaration, and stated substantial grounds of defense. The order for particulars was issued without a hearing and on the statement of the petitioner who misrepresented the defendant's answer. The petitioner's motion for particulars should

not have been allowed and the trial court had a right to treat the order as a nullity and the particulars filed as particulars concerning payment only.

"The right and interests of the parties and the difficulties and exingencies of the preparation of the plaintiff's case and the defendant's defense are to be considered and such orders are to be made as will promote justice." *Powers v. Bergman*, 197 Mass. 39. "Specifications, useful as they may be in clearly defining the issues, should not be required to the point of making it impossible for a party to present his case or his defense in which he has a legal right to present it. Whatever may have been the technical situation at the trial it is now apparent that the case has been fully heard and decided upon correct principles of law." *Louka v. Park Entertainments, Inc.*, 294 Mass. 268, 272.

In the instant case it is clear that the parties presented their evidence and were accorded a full and complete trial. Moreover, the petitioner had ample opportunity to raise his contention at an earlier stage of the proceedings when a hearing was held on the respondent's motion for further specifications. It is apparent that the parties were proceeding at that time upon the theory that all matters raised by the respondent's answer were at issue. *Turner v. Twing*, 9 Cush. 512. "Where a party has in no way changed his position in reliance upon a ruling too favorable to himself he has no such vested interest in that ruling that he can compel this court to carry it into effect by overturning a general finding supported by subsidiary findings which were not effected by the ruling, when the record taken as a whole shows that the general finding was right. A party whose case has been rightly decided according to law on facts duly established is not 'aggrieved'." *Slocum v. Natural Products Co.*, 292 Mass. 455, 458; *Freeman v. Robinson*, 238 Mass. 449, 452. The report could properly have been disallowed on the

ground that the plaintiff had not shown itself to be entitled to a report. *Stafford v. The Commonwealth Co.*, 263 Mass. 240; *Haines Corp. v. Winthrop Sq. Cafe, Inc.*, 335 Mass. 152.

*Petition denied.*

*Gillen, J. (concurring)*: I am of the opinion the petition should be denied. The draft report sought to be established was voluminous; much of the narrative of evidence was unnecessary to the questions to be decided. The petitioner failed to comply with the request of the trial judge to prepare a proper report. This was a sufficient reason for the disallowance of the report presented. *Freedman, petitioner*, 222 Mass. 179; *Re Horen, petitioner*, 207 Mass. 256.

*Lewiton, J. (concurring)*: I concur in the result reached by this Division, and I would base the decision on the fact that the draft report sought to be established is not conformable to the facts. G. L. c. 231, §108.

David Flower, for the Petitioner.
Philip David Fine, for the Respondent.