SABINA SLUSARZ MOREAU *vs.* ALBERT SLUSARZ. November 2, 1961. Decrees affirmed. This is an appeal from a decree of the Probate Court for Hampden County allowing the will of Martin Slusarz. The judge filed a report of the material facts found by him. G. L. (Ter. Ed.) c. 215, § 11. The appellant filed a motion to amend the report, which was denied, and the appellant again appealed. The evidence is not reported, and there is nothing in the report of material facts to impair the findings. The judge was not required to grant any part of the motion to amend his report.

*Albert Slusarz,* pro se.

*Charles R. Clason,* for the appellee, was not called upon.

JOHN C. CONNELLY & another *vs.* ERNEST J. SCARPA & another. November 2, 1961. Exceptions overruled. That the jury awarded the plaintiff Catherine N. Connelly $12,000, notwithstanding the finding of the auditor (not final) that her damages were $15,000, did not require a new trial. Consistent with the rule stated in *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566–567, such a finding of damages, depending "upon sound judgment based largely upon common knowledge" (*Sarhanis* v. *Young,* 301 Mass. 571, 572), is not binding where a description of the injuries, warranting a finding in a different amount, is given in the auditor's report, *ibid.,* or in the testimony of witnesses before the jury. *Savin* v. *Block,* 297 Mass. 487, 490. The testimony before the jury of the plaintiff and of two physicians warranted a verdict proportionate to the injuries as the jury appraised them, *ibid.* We discern no basis for concluding that the award was "greatly disproportionate to the injury proved." *Bodwell* v. *Osgood,* 3 Pick. 379, 385, cited in *Bartley* v. *Phillips,* 317 Mass. 35, 41. There is therefore no basis for holding that the judge's denial of a motion for a new trial was not well within the limits of his discretionary power, much less that it "could not have been the honest act of a conscientious judge acting intelligently" (*Moran* v. *Pieroni, Inc.* 326 Mass. 516, 518), and hence abuse of discretion amounting to an error of law.

*John N. Alberti,* for the plaintiffs.

*Frederick M. Myers,* for the defendants, submitted a brief.