*Northern District*

No. 5620

**DOMINIC LaMANTEA**

v.

**CAMBRIDGE GAS COMPANY**

May 29, 1962

*Present*: Brooks, P.J., Eno & Connolly. JJ.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex #3795 of 1958.

*Brooks, P.J.* This is an action of contract. Plaintiff's amended declaration is in two counts.

Count 1 is for breach of warranty by defendant. The allegation being that defendant warranted that if plaintiff converted to gas heating in the premises of 63 Mt. Vernon Street, Cambridge, the cost would not exceed $850.00 per annum.

Count 2 seeks recovery on an Account Annexed for $1288.62 with interest from 23rd July, 1957 covering the cost of converting the heating from oil to gas and from gas back to oil.

The defendant's amended answer was general denial, payment and twelve special allegations in denial of plaintiff's claim.

*At the trial there was evidence tending to show the following*: Plaintiff was the owner of the premises at 63 Mt. Vernon Street, Cambridge, a two family house changed to a six family apartment in 1954.

Defendant is a public utility corporation supplying gas for domestic and commercial purposes.

Plaintiff, as a result of reading advertisements in the newspapers and over television purporting to show that heating by gas is cleaner and more economical than by other methods, contacted defendant to ascertain the cost of heating the premises and water at 63 Mt. Vernon Street, Cambridge. Responding to plaintiff's inquiry, defendant's commercial and industrial heating engineer was sent to see plaintiff and the premises. This engineer gave a rough estimate, which was not brought to plaintiff's attention, of the cost of gas for heating only, as $975.00.

Plaintiff requested and was granted permission to employ his own plumber to install the gas heating system. The gas burner was bought from defendant on the 25th of June, 1957 and was installed by the plumber. The engineer, aforesaid, made a survey of the premises for defendant and told plaintiff that $850.00 would be the cost per annum of heating the building and hot water. Plaintiff told the engineer that if the heating bill came to no more than $850.00 per annum he would be satisfied, but if it was higher he would complain. There was also evidence that the engineer told plaintiff that the cost would be no higher than $850.00 and that this was for the heating only. No breakdown figure was given to plaintiff for heating the water as distinct from the

premises.

The heating of the premises and water was converted from oil to gas and consumption began 17th of July, 1957. On receipt of the first bill, plaintiff protested that judging by that bill the cost per annum would exceed $850.00. Defendant told plaintiff that a month was not a fair test. The plaintiff protested several subsequent bills for the same reason. At the end of the year the total gas bill for heating premises and hot water came to $1,248.95. The gas consumption for July and August, 1957 totaled $71.84 and for similar months in 1958 $70.64.

Plaintiff notified defendant of his intention to reconvert to oil and thereafter brought suit against defendant. The cost to plaintiff for converting from oil to gas in July 1957 was $721.17. The cost of reinstallation of the oil burner in August, 1958 was $133.50. The cost of certain wiring in connection with the reinstallation was $35.00.

Defendant filed two Requests for Rulings as follows:

"If the Defendant Gas Company supplies gas to Plaintiff Consumer at an agreed rate with the use of equipment for conversion (from oil to gas) purchased from the Defendant by a third party plumbing and heating contractor over whom the Defendant has had no control, then the Plaintiff consumer has no cause of action against the Defendant Gas Company for any alleged failure of a permanent heating system for six units consuming a moderate amount more gas than estimated,

the Defendant, not admitting but expressly denying, any overestimate to anyone."

"The Plaintiff Owner, having no contractual relationship with the Defendant Gas Company in the purchase of house heating equipment, has no right of action against said gas company based upon an allegation of purchase of gas service at a cost in excess of an estimate allegedly made by Defendant Gas Company to the Plaintiff prior to his purchase of equipment proposed to be used but purchased from a third party who sold and installed the heating equipment in question."

The Court made the following findings and rulings:

"In July of 1957, the Plaintiff contacted the Defendant relative to converting from oil heating on his premises, 63 Mt. Vernon Street, Cambridge, to gas heating. As a result, the Defendant sent their commercial and industrial heating engineer to see the Plaintiff and the premises. The Plaintiff stated to the heating engineer that he desired that the installation of the gas heating system be made by his, the Plaintiff's plumber. The engineer agreed to this. The engineer then made a survey of the problem of the premises at 63 Mt. Vernon Street, and as a result of this survey, gave an estimate that the heating bill for the year would come to $850.00. The Plaintiff stated to the engineer that if this was so, he wanted to make the change, because it was cleaner, but if the gas bill for the year was higher, he would complain. To this the engineer said it would not

come to $850.00 for the year. The Plaintiff, in reliance upon the $850.00 figure given to him by the engineer, (the survey was not shown to the Plaintiff) converted from oil to gas. Upon the receipt of the first gas bill, the Plaintiff protested to the Defendant, stating that on this basis, the cost of heating for the year would be in excess of $850.00. The Plaintiff likewise protested on the receipt and payment by him of gas bills during the year. At the conclusion of the year, the total gas bill paid by the Plaintiff was $1,248.95. In August of 1958, the Plaintiff reconverted to oil.

"The Court finds for the Plaintiff for $398.95, the excess of the amount paid for gas to the Defendant by the Plaintiff over $850.00.

"The Court finds for the Plaintiff on Count I in the amount of $398.95, with interest from the date of the writ. The Court finds for the Defendant on Count II.

"The Defendant filed two Requests for Rulings upon which the Court rules as follows: Both requests are denied. The Court finds that the estimate was made by the Defendant's agent, knowing that the equipment was to be installed by the Plaintiff's plumber and did not object thereto."

Plaintiff filed a Motion for a new trial on the ground that the damages awarded were inadequate as a matter of law. Defendant filed a Motion for a new trial for the reason that the findings were against the weight of

evidence. Both Motions were denied.

Plaintiff and defendant claim to be aggrieved by the Findings and Rulings of the Court and by the denial of their motions for a new trial.

The Court's findings of fact must be sustained if there is credible evidence to support it. *Graustein v. H. P. Hood & Sons, Inc.,* 293 Mass. 207, *London Clothes Ltd. v. Maryland Casualty Co.,* 318 Mass. 692-696, *Jertson v. Hartley,* 342 Mass. 597, Costonis *v. Hartley H. A.,* C43 Mass. 108. The principal issue of fact is whether fefendant's agent assured plaintiff that heating the building and the hot water would not exceed $850.00 per annum. It is obvious from the judge's finding that he believed that the assurance included the heating of both building and hot water. There was adequate basis in the testimony quoted in the report to justify this conclusion despite evidence and inferences to the contrary.

Subsidiary questions are raised by the denial of the defendant's requests for rulings and motions by both parties for a new trial. We see no error in the denial of the requests both of which deal with the matter of plaintiff's having purchased new equipment from a third party and installed it. The installation had nothing to do with the main issue. Defendant, according to the court's findings, misrepresented what gas would cost the plaintiff. This was an important element in plaintiff's decision to con-

vert from oil to gas. There is no evidence that plaintiff's employment of a plumber for purchasing and installing the equipment in any way affected the cost of gas. At any rate this method of procedure was assented to by defendant who made its representation as to cost with full knowledge of these particular circumstances.

As to the motions for a new trial, their allowance of denial, especially where no requests for rulings accompany them, is within the reasonably exercised discretion of the court. *Connelly v. Scarpa,* 343 Mass. 771, *Webber v. Johnson,* 1961 AS 679, 681. We find no abuse of that discretion.

Regarding plaintiff's claim that the damages should have included cost of converting and reconverting as recited in Count 2 of his declaration, the judge could have found these items to have been the natural consequences of defendant's misrepresentation. However, he did not. He found plaintiff was not entitled to these two items and he limited the recovery to the amount by which the actual cost to plaintiff of heating by gas exceeded the maximum promised by defendant's engineer.

It was open to plaintiff at the trial to file a request for ruling covering the damages he claimed in Count 2. He did not do so then nor when he filed a motion for a new trial. Therefore, we feel constrained to hold him to the damages awarded in the first count.

 Defendant raised one further objection to the trial court's decision, namely, that the engineer's statement as to cost was merely an estimate to which he could not be held. He also argued that the doctrine of *caveat emptor* applied. We do not agree to either theory. The statement by the engineer was a clear-cut assertion as to what the financial result would be to plaintiff if he changed over to gas. By that assertion, plaintiff was induced to become a customer of defendant.

Report dismissed.

DeGuglielmo F. Feloney, Cambridge, for the Plaintiff.

Vernon W. Marr, Boston, for the Defendant.