*Southern District*

No. 58

## WILBERT DAWSON

v.

## WILLIAM P. TRAINOR, ET AL

Argued: Apr. 24, 1973 - Decided: July 24, 1973

*Present:* Murphy, P.J., Lee, Prince, JJ.

Case tried to *Tamkin, J.* in the Second District Court of Plymouth, No. 43344.

Pursuant to Rule 30, District Court Rules, 1965, as amended, both parties were notified and a hearing held by this Division sitting at Barnstable on April 24, 1973.

The petition to establish sets forth that "the defendant William P. Trainor Corporation claiming to be aggrieved by the denial of its motion for a new trial after hearing requested the judge to report the case to the Appellate Division."

The judge failed to act on this report. It was reported by the clerk under Rule 28, District Court Rules. The defendant in his argument before us seeks to have the court establish a report (based on a colloquy between the judge and counsel at the hearing on the motion for new trial which had to do with the reasoning of the judge, in part at least, as to the amount of damages which he assessed.)

The defendant did not claim a report, nor did he file any requests for rulings or take any other steps to protect his rights when the motion for a new trial was heard and denied. This was the proper method to have brought this matter to the Appellate Division for review. *Connolly* v. *Scarpa*, 343 Mass. 771. *LaMantea* v. *Cambridge Gas Company*, 24 Mass. App. Dec. 61. *Webber* v. *Johnson*, 342 Mass. 455.

Despite his failure to protect his rights at

the hearing on the motion, the defendant now wants this court to establish a report based on his allegation in the petition that there was no evidence as to the life expectancy of the plaintiff from "mortality tables" or otherwise. This would appear to be an afterthought based on the colloquy above referred to.

In any event, evidence of the plaintiff's life expectancy is not limited only to "mortality tables" for obvious reasons; and although such tables may be offered as evidence, the judge, as a factfinder, may consider other factors and obviously did in rendering his decision. *Fournier* v. *Zinn*, 257 Mass. 575. *Rooney* v. *The New York, New Haven, and Hartford Railroad Company*, 173 Mass. 222. *Wolkon* v. *Shafran*, 15 Mass. App. Dec. 89.

From the content of the petition, it is clear that the case was fully tried and the judge made substantial and lengthy findings of fact, all of which appear to be justified.

After reviewing the record, we are of the opinion that this petition to establish report should be denied. *Paul* v. *Norumbega Park*, 15 Mass. App. Dec. 120, 126 and cases cited.

**So ordered.**

BERNARD COHEN - MELVIN J. LEVINE
   for Plaintiff

EDWIN A. NELSON - PINTA - MURPHY
   for Defendant